# Richmond

GEORGE T. CAMPBELL v. COMMONWEALTH OF VIRGINIA.

January 18, 1960.

Record No. 5014.

Present, All the Justices.

The opinion states the case.

*Robert Whitehead* and *Paul Whitehead* (*Whitehead & Marshall; Paul Whitehead Associates,* on brief), for the plaintiff in error.

*Frank V. Emmerson, Jr., Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

SNEAD, J., delivered the opinion of the court.

A grand jury of the Circuit Court of Nelson County at the March, 1958, term returned four joint indictments against George T. Campbell, appellant, and his wife, Virginia T. Campbell, resulting from events which occurred on February 24, 1958. Indictment No. 1 contained two counts. The first count charged that they did feloniously, maliciously and unlawfully wound and cause bodily injury to Rhonald Lowe Hayes by striking him on the head with a revolver, with intent to maim, disfigure or kill. The other count charged them with feloniously shooting Hayes with the revolver and with like intent. The commonwealth's attorney elected to prosecute this indictment first, and over the objection of appellant, the trial court sustained the Commonwealth's motion for a separate trial as to Campbell and his wife. On May 7, 1958, a jury found Campbell guilty of the lesser crime of "common assault" on each count, fixing his punishment under the first count by a fine of $250, and under the second count by a fine of $250 and confinement in jail for twelve months. Campbell's motion to set the verdicts aside and award him a new trial was taken under advisement and on July 31, 1958, it was overruled and judgment was entered in accordance with the verdicts.

Appellant's assignments of error challenge the court's rulings on instructions, the admissibility of certain evidence, and its ruling which permitted the Commonwealth to prosecute him separately on the indictment returned jointly against him and his wife.

The Commonwealth's evidence may be summarized as follows: Rhonald L. Hayes, an investigator employed by the Virginia Alcoholic Beverage Control Board, was engaged in "undercover" work in the Piney River section of Nelson County on February 24, 1958. He concealed his identity as a law enforcement officer and used the alias of Grady Christian in attempting to make purchases from persons suspected of selling alcoholic beverages in violation of the laws of the Commonwealth. About 9 o'clock that night he and Boyd Lee Tyree, an informer, drove to the residence of George T. Camp-

bell for the purpose of buying whiskey. Tyree went to the front door and Campbell responded to his knock, whereupon Tyree asked him if he had "anything". When Campbell was advised by Tyree he had someone with him in the car who was there with him on a previous occasion, Campbell instructed Tyree to invite him in, which was done. Hayes left his gun, badge, billfold and pocket commission in his vehicle and proceeded to the house with Tyree. Upon being admitted, Campbell accused Hayes of being a federal officer, which he denied. He then secured a pistol which was nearby, searched Hayes' pockets for a gun and called Mrs. Campbell, who was in another room, and handed her the pistol with instructions to keep them in the room while he searched their automobile for evidence that they were officers. At her command both of them took seats.

While Campbell was outside Hayes stood up and approached the stove pretending to warm his hands, grabbed for the gun and a scuffle ensued into the adjoining bedroom. Thomas G. Campbell, appellant's half-brother who lived at the home, appeared on the scene and beat Hayes with his fists, but Hayes was successful in seizing the gun from Mrs. Campbell. In the meantime Tyree had left to obtain police assistance. Hayes returned to the living room, advised Mrs. Campbell and Thomas Campbell he was an officer and that they were under arrest. About that time Campbell returned through the front door "in a great burst of speed" and attacked Hayes. With the assistance of Mrs. Campbell, he seized the gun, causing it to discharge. Mrs. Campbell screamed and withdrew from the attack. Hayes was knocked down on his knees and Campbell beat him on the head with the revolver. In a dazed condition he staggered about two steps and fell back into a chair. After being in the chair for an interval between thirty and sixty seconds with his hand on his head Campbell shot him with the revolver. The bullet penetrated his right wrist and lodged in his neck. According to Hayes, Campbell said just before the shot was fired: "I ought to kill him, I ought to shoot him." He also testified only two shots were fired during the evening, but the Commonwealth produced three empty shells found by investigating officers and three pellets from them. Robert M. Zimmers, an FBI agent, stated that all three shells were fired by the pistol in question.

Some of the evidence on behalf of appellant was in sharp conflict with that of the Commonwealth. With regard to the events which occurred at the home, the evidence consisted of the testimony

of Campbell, Mrs. Campbell and their son George T. Campbell, Jr., who was eleven years of age. Their testimony may be succinctly stated thus: Campbell returned home in his pick-up truck about 9 p. m. He left the parking lights on so that he could see his way to the house. He answered a knock at the front door and Hayes and Tyree informed him they wanted to see him on some business. They were invited in and offered seats. Campbell excused himself to cut off the lights on his truck. While he was outside Hayes disturbed Campbell's four year old daughter, who was in the living room, by "pulling her hair" and "picking at her." Mrs. Campbell told Hayes to desist, and when he failed to respond she obtained a revolver from the bedroom and ordered him to stop annoying the child. Hayes atempted to take the gun from her and during the struggle he shot her in the arm. While returning to the house, Campbell saw Tyree running and heard the shot fired. When he entered his wife said she had been shot and he found her on the living room floor with Hayes on top of her with a gun in his hand. He "made a dive" for Hayes and struggled with him. Hayes struck him several times with the pistol. He took the gun from Hayes' possession and struck him several times with it. During the struggle the gun went off twice and Hayes was shot. Campbell said Hayes had the gun when it fired the first time but he did not know who had it when the second shot was fired.

The crucial question involved is whether the acts of appellant constituted a single offense or as charged in the indictment two offenses.

Appellant contends the Commonwealth has divided a series of acts occurring in the same transaction in order that he may be prosecuted twice for the same offense. On the other hand the Commonwealth maintains that count No. 1 in the indictment which charged appellant with felonious wounding by striking Hayes with a pistol and count No. 2 which charged felonious shooting with the revolver are two separate offenses and punishable as such.

Appellant tendered instruction J in support of his theory of the case which the trial court refused. It reads:

"The Court instructs you that even if they believe from the evidence beyond a reasonable doubt that the accused is guilty of beating and shooting Hayes, as charged in the indictment, nevertheless, under the facts disclosed by the evidence, you cannot find him guilty of more than one offense."

In 2 M. J., Autrefois, Acquit and Convict, § 18, p. 642, it is stated:

"Where one act constitutes several crimes there may be a separate prosecution for each crime. But the state cannot split up a single crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime." See *United States* v. *Buckner*, 37 F. 2d 378, 381.

In *Rogers* v. *Commonwealth*, 257 Ky. 495, 497, 78 S. W. 2d 340, it is said:

"\* \* \* But in administering, construing, and applying that maxim, [*nemo bis punitur pro eodem delicto*] as it existed at common law and as inserted as a part of our Bill of Rights in our Constitution, it has long been judicially declared that the prosecution may not split up a set of facts and carve out of them multiple offenses (statutory or otherwise) by founding or basing them on parts of an entire set of facts, and which parts are necessary ingredients and elements of the offense as embraced by the entire facts."

Here the struggle was of short duration. Hayes did not even have an opportunity to tell Campbell he was under arrest. He testified: "This episode happened pretty rapidly. It wasn't a matter of a long drawn out affair, it was very rapid and it was my intention of placing him under arrest to bring him to trial." According to Hayes, after he was beaten and fell into the chair only thirty to sixty seconds elapsed until he was shot by Campbell. There was evidence that Campbell during that short interval stated "I ought to kill him, I ought to shoot him." After the shot was fired he stood off from Hayes and said: "I ought to finish him off." Mrs. Campbell begged him not to shoot and he did not fire another shot. Undoubtedly there were intervals of seconds between blows inflicted by the gun and it could not be successfully argued that each of such blows constituted a separate offense. During the fight appellant had one impulse. The shooting that followed the struggle was part and parcel of one encounter. We hold that a single crime was committed which could not be split and prosecuted in parts to conviction of more than one offense. Therefore, it was reversible error to refuse instruction J.

Instructions 1, 2, 18 and 22 are inconsistent with the principle embodied in instruction J in that they permitted the jury to find appellant guilty under both counts of the indictment, and it was prejudicial error to grant them. We find no reversible error in other

challenged instructions. The Commonwealth was granted 21 instructions. In some there are a repetition of principles covered by others. Upon a retrial , of the case duplication of principles should be avoided.

■ Appellant contends the court erred in granting the Commonwealth's motion for separate trials. Section 19-177, Code 1950, provides, among other things, that a person who has been indicted jointly with others for a felony may elect to. be tried separately. Prior to the adoption of this section it is doubtful that a defendant had such a right of election. The statute is silent as to any rights of election by the Commonwealth. Campbell argues there is no right in the Commonwealth to elect to have jointly indicted defendants tried separately. He maintains the granting or refusal of a motion for severance by the Commonwealth rests within the sound discretion of the court and that in the instant case the election was made by the Commonwealth without the exercise of discretion by the court. He argues here, as he did in the court below, that a severance would result in undue harassment of him and Mrs. Campbell and subject them to unnecessary and unreasonable expense in making their defense.

So far as we are advised the precise question has not been definitely determined by this Court. There have been expressions of dicta in previous decisions[1] which indicate the Commonwealth has the right to elect separate trials for persons indicted jointly. Regardless of what we have heretofore said we think the fair and better view, in the absence of a statute to the contrary, is and we now hold that whether the Commonwealth may try a defendant separately on a joint indictment for a felony over his objection rests in the sound discretion of the trial court.

We do not agree with appellant in his contention that the trial court failed to exercise its discretion in granting the Commonwealth's motion for a severance. The order fairly discloses that the court did exercise its discretion for "after maturely considering the motion of the Commonwealth" and after "having heard the arguments of counsel for all parties", it required separate trials.

■ On the night of the fracas Mrs. Campbell, who was shot in

---

[1] *Curran's Case,* 7 Gratt. (48 Va.) 619, 627; *Commonwealth* v. *Lewis & Diviney,* 25 Gratt. (66 Va.) 938, 941; *Barnes* v. *Commonwealth,* 92 Va. 794, 802, 23 S. E. 784; *Wallen* v. *Commonwealth,* 134 Va. 773, 780, 114 S. E. 786. See also 5 M. J., Criminal Procedure, § 26, pp. 353, 354.

the arm and bruised, was taken to the hospital for treatment. Shortly after she returned home early the next morning Trooper W. C. Hart approached her for an oral statement concerning the events which occurred at her home the previous night, which he secured. After Mrs. Campbell had testified on behalf of appellant, the trial court permitted Hart to testify over appellant's objection as to the statement for the purpose of impeaching her testimony. According to Hart, Mrs. Campbell told him that she was "too nervous to talk about it or to give me a statement," to which he replied he would have to have one or words to that effect. He testified Mrs. Campbell "appeared to be upset but she certainly wasn't hysterical in any way"; that he "didn't demand a statement from her in any way," and that the conversation was on "a very friendly basis." Mrs. Campbell did not recall talking to Hart on this occasion.

Appellant contends it was prejudicial error to admit this evidence, which was contradictory of her testimony, because Hart did not advise her of her rights and the alleged statement was made under compulsion and not voluntarily made. He argues had there been a joint trial pursuant to the joint indictment it would have unquestionably been prejudicial error to admit this evidence of her admission, and that the Commonwealth should not be permitted to accomplish indirectly by a severance that which it could not do directly had there been a joint trial.

The evidence in the record before us is insufficient to show that the alleged statement was involuntarily made and the trial court properly admitted it.

For the reasons stated the judgment is reversed, the verdicts of the jury set aside and the case is remanded for a new trial not inconsistent with the views herein expressed. Upon a retrial § 19-222, Code 1950, is applicable.

*Reversed and remanded.*