## Richmond

### LEVI BURGESS

### V.

### COMMONWEALTH OF VIRGINIA

December 3, 1982

Record No. 811546.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and
Harrison, Retired Justice.

*Rufus King, III,* for appellant.
*Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

On February 17, 1981, Levi Burgess and Harold James Twitty were indicted for statutory burglary, grand larceny, and possession of burglarious tools, the offenses growing out of an incident which occurred December 10, 1980. The two defendants were tried together by a jury; each was convicted of all three charges and sentenced to serve a total of fifteen years in the penitentiary. We granted Burgess this appeal limited to the question whether the trial court erred in refusing him a separate trial.

Initially, Burgess and Twitty were represented by the same retained counsel, Clyde Hampton, who sought to have the cases against both men set for trial together. In a pretrial hearing, however, Paul D. Brown, one of the judges of the Arlington County Circuit Court, ruled that Hampton could not represent both defendants and that the two should not be tried together. Hampton

thereupon withdrew from representing Twitty but continued as Burgess' attorney. Other counsel undertook the representation of Twitty.

Despite Judge Brown's ruling, and in some manner unexplained in the record, the cases against both defendants were set to be tried on the same day before the same jury. On the scheduled date, with another judge presiding, Hampton moved before the trial commenced that Burgess be granted a separate trial.

During argument on the motion, the trial judge noted that there were insufficient jurors present that day for separate trials, and he characterized Hampton's motion as "in effect just a way of trying to obtain a continuance." Denying this was his motive, Hampton stated he was "ready to go ahead today" if the Commonwealth wanted to try Burgess first.

The trial court ruled that, at "the very beginning," Burgess and Twitty had consented "to be tried together," that the right "to be tried separately was waived," and that they would be tried jointly. The trial judge stated, however, that if, in the course of trial, any prejudice to Burgess should arise because of the joint proceeding, counsel could move for a mistrial.

Burgess contends that the court erred in refusing him a separate trial. He argues that his right to be tried separately is fixed by Code § 19.2-263 and Rule 3A:13(a),[1] which provide, respectively:

> § 19.2-263. *Separate juries for separate trials of persons jointly indicted.*—If a person, indicted jointly with others for a felony, elects to be tried separately, the panel summoned for their trial may be used for him who is first tried and the court shall cause to be summoned a new panel for the trial of the others, jointly or separately, as they may elect.[2]

---

[1] We note an apparent inconsistency between Code § 19.2-263 and Rule 3A:13(a). The Code section speaks of the election of an accused to be tried separately, while the Rule refers to the consent of two or more accuseds to be tried jointly. However, there is no real inconsistency between the statute and the Rule. Election to be tried separately is a refusal of consent to be tried jointly; on the other hand, consent to be tried jointly is a waiver of the right to elect to be tried separately.

[2] Although Code § 19.2-263 refers to persons "indicted jointly," Burgess and Twitty were indicted separately, albeit by the same grand jury and upon the same charges. The parties briefed and argued the case on the basis that Burgess and Twitty had been indicted jointly. When invited to comment on the effect of the separate indictments, counsel for

*Rule 3A:13. Trial Together of More Than One Accused or More Than One Offense.*

(a) *More Than One Accused.*—Two or more accused may be tried together if they consent thereto and if the offense or offenses with which they are charged meet the requirements of Rule 3A:7(b).[3]

Burgess concedes that, under our holding in *Campbell v. Commonwealth,* 201 Va. 507, 512, 112 S.E.2d 155, 158-59 (1960), a trial court has discretion, upon motion of the Commonwealth, to order separate trials for defendants indicted jointly. Burgess maintains, however, that a *defendant's* election to be tried separately is not subject to the discretion of the trial court.

■ The Attorney General contends that the trial court did not err in refusing Burgess a separate trial. The court found as a fact, it is argued, that Burgess had consented to a joint trial, and Burgess has not contested this finding. Therefore, the Attorney General maintains, the finding is binding upon this court and supportive of the trial court's conclusion that, by such consent, Burgess waived his right to a separate trial.

As Burgess points out, however, his consent to a joint trial was granted when he and Twitty both were represented by Hampton, prior to the time Judge Brown ruled that Hampton could not represent both defendants and that the two should not be tried together. After this ruling, Burgess did not again consent to a joint trial. We agree with Burgess that, under these circumstances, the trial court should not have relied upon the prior consent in finding a waiver of the right to a separate trial.

■ Burgess also waived his right to a severance, the Attorney General argues, by waiting "until the very start of the trial" to make his wishes known. The Attorney General says that, under Rule 3A:12(d),[4] Burgess should have raised by written motion filed at least seven days before trial his objection to a joint trial

---

Burgess maintained § 19.2-263 applied nonetheless, and the Attorney General agreed. Given this agreement, we will proceed on the basis that the statute applies.

[3] The requirements of Rule 3A:7(b) are that the offenses must be "based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan."

[4] Rule 3A:12(d) reads:

*Time of Filing Notice or Making Motion.*—A motion referred to in subparagraph (c)(1) shall be filed or made before a plea is entered and, in a court of record, at least 7 days before the day fixed for trial.

and that, since Burgess failed to comply with this requirement, he waived his right to elect a separate trial.

We disagree with the Attorney General. In the first place, Rule 3A:12(d), by its reference to subparagraph (c)(1),[5] applies only to "[d]efenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried . . . ." By no stretch of this language may it be interpreted to include a motion for a separate trial.

Furthermore, Code § 19.2-263 itself demonstrates that a motion for a separate trial should not be considered untimely if made on the day of trial. The Code section states that if a person jointly indicted with others elects to be tried separately, the panel summoned for their trial may be used for the one who is first tried and a new panel shall be summoned for the trial of the others. This language clearly is intended to operate in a situation where a jury panel is assembled on the day of trial and the election to be heard separately is then made by one of two or more defendants scheduled to be tried together that day.[6] The election, of course, must be made before the trial begins or the accused will be deemed to have waived his right to elect a separate trial. *See Wallen v. Commonwealth,* 134 Va. 773, 781, 114 S.E. 786, 789 (1922).

The Attorney General argues next that Burgess again waived his right to be tried separately by failing during the course of trial to avail himself of the opportunity extended by the trial court to move for a mistrial if prejudice resulted from developments in the joint proceeding. The ready answer to this argument is that a defendant's right under § 19.2-263 to elect a separate trial is not dependent upon an advance showing of possible prejudice in a joint trial, and a denial of the right cannot be justified by a post-trial demonstration of lack of prejudice.

---

[5] In pertinent part, Rule 3A:12(c)(1) reads:

*Defenses and Objections That Must Be Raised Before Trial.*—Defenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion made within the time prescribed by paragraph (d) of this rule.

[6] This interpretation of the operative effect of Code § 19.2-263 distinguishes the present case from *Thomas v. Commonwealth,* 218 Va. 553, 238 S.E.2d 834 (1977), cited by the Attorney General. There, we indicated that a waiver of trial by jury may be withdrawn only if the withdrawal is made in sufficient time before trial to avoid unreasonable delay. *Id.* at 556, 238 S.E.2d at 836.

Finally, without asserting directly that Burgess' election to be tried separately was subject to the discretion of the trial court, the Attorney General argues that "there was no abuse of discretion by the circuit judge in the case at bar." We do not believe, however, that Burgess' election to be tried separately presented a matter for the exercise of judicial discretion. This election is "a matter of right." *Wallen,* 134 Va. at 780-81, 114 S.E. at 789. When exercised before the trial begins, the right must be honored.

For the reasons assigned, the judgments appealed from will be reversed, and the case will be remanded to provide Burgess a new trial.

*Reversed and remanded.*