## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

 v.

R. P.

Case Nos. (Criminal) 55975 and 55976

By JUDGE THOMAS A. FORTKORT

January 3, 1989

This cause originally came to be heard on September 14, 1988, before the Court without a jury. The defendant was charged with two counts of sexual abuse of two young girls who resided in the same household. The witnesses were the same in both cases since the complaint of sexual abuse of one child to school authorities and the investigation therein led to the allegation of sexual abuse by the other child. The offense against one child was alleged to have occurred on March 13, 1988, and the offense against the other child in the fall. There is a common thread between the cases in that both involve the same kind of sexual assault and that the two victims and the defendant were members of the same household.

The matters, however, do not meet the test of Rule 3A:6(b) which permits the joinder of offenses if the offenses are based on the same act or transaction. In *Burgess v. Commonwealth*, 224 Va. 368 (1982), the Court found that the failure to grant separate trials to be reversible error where the motion is timely made. Any time before trial is "timely made," and the *Burgess* Court declares that the defendant has a right to a separate trial that is not discretionary with the Court.

In the above-styled case, the Court's assertion of its discretion to direct a single trial is erroneous and the verdicts against the defendant must be set aside.

February 17, 1989

This case came before the Court for trial on September 14, 1988. The defendant was charged with two counts of aggravated sexual battery, the victims being two young girls, ages 5 and 7, sisters, who lived in the same household with the defendant. The defendant requested separate trials to which the Commonwealth objected, and the Court sustained the objection. The defendant was found guilty at a bench trial of both charges and sentencing was set for October 21, 1988. The defendant was sentenced to two years imprisonment on each charge consecutively, and the sentence was suspended on certain conditions.

The defendant moved to set aside the verdict and suspend the execution of the sentence against him. The Court suspended the execution of the sentence and took the matter under advisement. On January 3, 1989, the Court rendered an opinion letter and based upon the case of *Burgess v. Commonwealth*, 224 Va. 368 (1982), found that "the Court's assertion of its discretion to direct a single trial is erroneous."

The Commonwealth requested a rehearing which the Court granted. The Commonwealth cited the case of *Graves v. Maryland*, 47 A.2d 70 (Md. 1984), for the Court's consideration. In *Graves*, the defendant was charged with two indictments of burglary and theft related to the burglary. Over the defendant's objection, the Court granted the State's motion to consolidate the trials. The Maryland Court of Appeals upheld the trial court. The Maryland rule on joinder of trials permits the Court to order two or more charging documents to be tried together if the offenses, whether felonies or misdemeanors or any combination thereof are of the same or similar character. The trial court has the discretion to order joinder of the trials, but Maryland opinions limit this discretion in the case of jury trials "where the evidence as to them was not mutually admissible." Under this circumstance, the Court found there was prejudice as a matter of law

because a jury would be unable to set aside the likely prejudice engendered by the joinder.

The Court allowed the joinder to stand generally citing the Court's ability to set aside its thinking on one case and reach its decision on each case on the merits. The Court went on further to state that unlike a jury trial, the rationale for the Court's fact finding could be inquired into and tested upon appeal.

The Maryland rule is somewhat different from our Virginia rule which is embodied in Rule 3A:6(b)[1] which requires that the offenses must be based upon "the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." Nevertheless, both rules hinge upon the commonality of the evidence.

In the case of *Godwin v. Commonwealth*, 6 Va. App. 118 (1988), the Court of Appeals reversed a trial court's determination to join two robbery charges on the grounds that the charges in *Godwin* did not arise out of "two or more acts or transactions that are connected." Crucial to the court's decision was the fact that "the robberies occurred on different days, at different places, and no evidence linked or connected the one robbery with the other." *Godwin* at 122.

The Court concludes that Virginia would not follow the Maryland ruling merely based upon the proposition that a bench trial would exorcise the possible prejudice of joint trials.

The Commonwealth does, however, argue another point, *i.e.*, that the words "common scheme or plan" apply in *Godwin* because no conspiracy or other common acts or plan is involved and the acts were merely similar. However, in the case at bar, the defendant alleges that one of the two events was a friendly pat to the child's posterior to urge her to hurry along. Under that circumstance, the Commonwealth would be entitled to introduce evidence of prior sexual acts to show motive or intent and eliminate

---

[1] Under Rule 3A:10, the Court may exercise its limited discretion to order joinder of trials if (1) the Commonwealth's Attorney and the accused consent to the charges being tried together, (defendant timely objected in this case), (2) the offenses meet the requirements of Rule 3A:6(b).

accident or mistake as a defense. Under the rule in *Moore v. Commonwealth of Virginia*, 222 Va. 72, 76 (1981), the Supreme Court of Virginia held that:

> As a general rule, evidence of other offenses is inadmissible to prove guilt for which the accused is on trial . . . . Exceptions to this general rule, however, are as well established as the rule itself. Pertinent to our present inquiry, where the motive, intent or knowledge of the accused is at issue, evidence of other offenses is admissible if it shows the conduct or attitude of the accused toward his victim, establishes the relationship between the parties, or negates the possibility of accidental mistake.

The Commonwealth argues that if it is able to show evidence of a prior crime, it ought to be able to try both charges together. The corollary of this proposition is mentioned in *Godwin* at page 123, where the Court finds that the ends of justice requirement is defeated by joinder of offenses where the evidence of one crime would not be admissible in the trial of another crime.

The question remaining is whether the standard for severance is limited to the American Bar Association Standards for Criminal Justice[2] which provides a right to severance except "where two or more offenses are based upon the same conduct, upon a single criminal episode or upon a common plan"; or to the broader exceptions allowed by Virginia case law where evidence of prior or past criminal acts [is] otherwise inadmissible in the trial of a case.

In applying the ABA standard, as this Court construed the application of Rule 3A:6(b) in its prior opinion to set aside the verdict against the defendant, this case must be set aside.

If Rule 3A:6(b) is construed in a broader sense to allow joinder where the proof of another crime would be admissible in the case in chief, then the verdicts ought to stand.

---

[2] Cited with approval in Godwin, p. 122.

In *Godwin*, the Court of Appeals distinguishes between prior crimes where the introduction of that evidence is to show identity rather than a general scheme such as conspiracy. Where conspiracy is the issue, the Court allows joinder of charges. Where identity is the issue, the Court finds the cases should be separate.

Following that general reasoning, I submit that joinder would be allowed in cases where evidence of prior crimes is admissible under the "general scheme" exception as it is interpreted in Virginia case law. The *Moore* case, *supra*, would permit evidence of other crimes in the present case to show motive and intent.

I conclude that the *Moore* exception to the general rule that evidence or prior criminal acts is inadmissible is also an exception to the general rule that the defendant is entitled to a separate trial. The underlying rationale for the introduction of evidence of prior crimes and for separate trials is the same.

In accordance with the above opinion, I will reimpose the defendant's sentence and deny the defendant's motion to set aside the verdicts.