## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Anthony Leon Crewe

### June 12, 1992

### Case Nos. F-92–1612 and F-92–1613

BY JUDGE ROBERT L. HARRIS, SR.

The defendant has been charged and indicted for violating two separate statutes, although both charges arise out of the same alleged transaction, carrying a concealed weapon. He is charged with carrying a concealed weapon after having been previously convicted of carrying a concealed weapon, a Class 6 felony under § 18.2–308(A) (1991 Cum. Supp.), and possession of a firearm after having been previously convicted of a felony (possession of LSD) under § 18.2–308.2. The defendant has moved the court for an order granting separate trials.

While the fact that these charges arose out of the same transaction satisfies the joinder requirements of Rule 3A:6(b), Rule 3A:10(b) requires that the court determine that "justice does not require separate trials." The Virginia Court of Appeals has found that "justice requires separate trials where the evidence of one of the crimes is not admissible in the trial of the other." *Godwin v. Commonwealth*, 6 Va. App. 118, 123, 367 S.E.2d 520, 522 (1988). In general, multiple charges arising from one transaction will not create significant evidentiary concerns, but where, as here, key elements of both charges involve evidence of past criminal convictions, such concerns will arise.

In order for the prosecution to prove its case in chief[1] on the charge of a repeat conviction for carrying a concealed weapon, not only will it be necessary to present evidence that on this particular occasion the defendant carried a concealed weapon, but also that he was previously convicted of such offense. However, although such evidence would not be relevant to the second charge of possession of a firearm after having been convicted of a felony, the joining of the trials would clearly make the jurors aware of the prior conviction of carrying a concealed weapon even as they passed judgment on the latter charge.

Similarly, the charge of possession of a firearm by a convicted felon would require not only evidence of possession at the time charged, but evidence of the prior felony conviction. In this case, evidence would be offered of a prior conviction for possession of LSD. While this is clearly necessary evidence in order to show that the defendant was a convicted felon at the time he possessed a firearm, this past drug conviction has no relevancy to the prosecution's case-in-chief with respect to the first charge involving carrying a concealed weapon after having been previously convicted of carrying a concealed weapon. Again, however, the jury would, because of joinder, be aware of this prior conviction as well, despite its irrelevance to this particular charge.

In *Godwin*, the Court of Appeals goes on to find that "the efficiency promoted by joinder of offenses does not outweigh the harm caused by the introduction of inadmissible evidence of another crime." *Godwin* 6 Va. App. at 123, 367 S.E.2d at 522. Such an approach does not appear to give this court a great deal of discretion in weighing or evaluating the amount of prejudice which might obtain to the defendant. Since it is clear that each count charged here will

---

[1] In *Commonwealth v. R.P.*, 17 Va. Cir. 52 (1989), Judge Fortkort allowed verdicts to stand following a single trial on two counts of sexual abuse of children. In affirming the verdicts, the judge recognized that in order to rebut a defense based upon mistake or knowledge, the prosecution may be able to introduce evidence of other related crimes, including the companion charges in the case before him. With that in mind, Judge Fortkort apparently found no insult to justice by joining these two charges. *Id.* at 54–55. Of course, Judge Fortkort had the benefit of hindsight since the motion to set aside the verdict in that case came after the trial. In the case at bar, the court finds it inappropriate to speculate about what defenses might be offered which could make admissible evidence that would otherwise be inadmissible.

require evidence of past convictions which would not be admissible in the prosecution's case-in-chief for the companion charge, this court must order that the trials be separated.