COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


CHARLES WALTER CLAY, JR.

                                      MEMORANDUM OPINION* BY
v.    Record No. 0619-99-2        JUDGE ROBERT P. FRANK
                                        SEPTEMBER 5, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Herbert C. Gill, Jr., Judge

            Steven D. Benjamin (Betty Layne DesPortes;
            Benjamin & DesPortes, P.C., on briefs), for
            appellant.

            Shelly R. James, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Charles Walter Clay, Jr., (appellant) was convicted by a jury

of reckless driving in violation of Code § 46.2-862 and evading

and eluding in violation of Code § 46.2-817.  On appeal, he

contends the trial court erred in denying his motions to dismiss

the charges based on former jeopardy and violation of Code

§ 19.2-274.  For the reasons that follow, we affirm the

convictions.

                        I.  BACKGROUND

     On June 21, 1998, Virginia State Trooper John Wright

noticed a red car in Richmond traveling southbound on Interstate

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The red car was traveling 83 miles per hour in a posted 55 miles-per-hour zone. When the trooper activated his blue light and siren, the red car pulled over to the side of the road. As the trooper approached the red car, the driver sped off. The trooper returned to his police unit and pursued the red car into Chesterfield County. The red car reached a speed of 110 miles per hour in a 55 miles-per-hour zone. Though the trooper had his blue lights flashing, appellant refused to stop and was getting further ahead of the patrol car.

Appellant passed several other vehicles during the chase, including a car and a truck that he "split . . . up the middle" by driving down the center line of the road between the two vehicles. The driver of the overtaken car, Leonard Price, identified appellant as the driver of the red car. Trooper Wright eventually lost sight of appellant's vehicle. Appellant was later arrested at his mother's home.

On June 21, 1998, the trooper charged appellant in Chesterfield with reckless driving due to excessive speed in violation of Code § 46.2-862 and attempting to elude a police officer in violation of Code § 46.2-817. Approximately four days later, the trooper charged appellant in Richmond with the same two offenses.

After both jurisdictions' general district courts found appellant guilty of all the offenses, appellant appealed to the circuit courts in Chesterfield County and Richmond.

-

The Richmond appeal was heard first. One week prior to the Chesterfield trial, appellant pled guilty in Richmond circuit court to evading and eluding in violation of Code § 46.2-817 and reckless driving in violation of Code § 46.2-852. No evidence was presented at the Richmond trial on appellant's pleas of guilty.

On the day of the appeal in Chesterfield County Circuit Court, appellant moved to dismiss the Chesterfield charges based on double jeopardy and a violation of Code § 19.2-294 because of the Richmond convictions.

In Chesterfield circuit court, appellant did not produce a copy of the conviction orders from Richmond, representing to the trial court that the orders had not yet been entered. Appellant proffered that the Richmond and Chesterfield charges arose out of the same incident.

In Chesterfield circuit court, the Commonwealth contended appellant's double jeopardy defense and the defense based on Code § 19.2-294 were waived because no written motion was made at least seven days prior to trial, as required by Rule 3A:9. The Commonwealth further argued that the Richmond and Chesterfield violations were two different events. Finally, the Commonwealth argued appellant did not present any evidence of the facts of the Richmond convictions to support a former jeopardy argument.

-

The trial court ruled that appellant was not procedurally barred in his double jeopardy and Code § 19.2-294 arguments and heard evidence on the underlying facts. The trial court then denied appellant's motion, finding that there was no double jeopardy or violation of Code § 19.2-294 because the Richmond and Chesterfield incidents were not the same event or events. However, the trial court made no finding of "good cause."

The trial court found appellant guilty of evading and eluding and reckless driving.

## II.  ANALYSIS

To argue a violation of double jeopardy protections or Code § 19.2-294, a defendant must present his plea in writing seven days prior to the trial date. See Rule 3A:9(b)-(c). See also Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 436 (1992) (citations omitted). If Rule 3A:9 is not followed, a defendant is deemed to have waived these concerns. See Freeman v. Commonwealth, 14 Va. App. 126, 127-28, 414 S.E.2d 871, 872 (1992). However, "for good cause shown," a circuit court can allow an oral motion prior to trial. See Rule 3A:9(b)(3).

In this case, appellant did not file a written motion seven days prior to the trial date pursuant to Rule 3A:9(c). The Commonwealth objected on this ground and others. Appellant, instead of offering "good cause" for his non-compliance with Rule 3A:9, argued that double jeopardy is a "jurisdictional"

-

issue that can be raised at any time, even for the first time on appeal.

The Commonwealth contends the trial court erred in allowing appellant to argue double jeopardy and a violation of Code § 19.2-294 because double jeopardy, just like other defenses, must be timely asserted. Therefore, the Commonwealth contends, because appellant waived these defenses, this Court should not consider appellant's argument on appeal. We agree.

Double jeopardy and a violation of Code § 19.2-294 both are "defects in the institution of the prosecution or in the written charge upon which the accused is to be tried . . . ." Rule 3A:9(b)(1).[1] The requirements of Rule 3A:9(b)(1) are mandatory unless "good cause" is shown. See Rule 3A:9(b)-(d).

The Double Jeopardy Clause insures that an accused is not "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This constitutional guarantee is applicable to the States through the Due Process Clause of the Fourteenth Amendment." Illinois v. Vitale, 447 U.S. 410, 415 (1980) (citing Benton v. Maryland, 395 U.S. 784 (1969)).

_____

[1] The requirement under Rule 3A:9(b)(2) is permissive. See Simmons v. Commonwealth, 6 Va. App. 445, 450, 371 S.E.2d 7, 9 (1988). While Rule 3A:9(b)(1) pertains to defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, Rule 3A:9(b)(2) pertains to "any defense or objection that is capable of determination without the trial of the general issue."

-

Although the language of Code § 19.2-294 does not state that it provides a defense of former jeopardy, "it amounts to such a defense in purpose and desired effect." Epps v. Commonwealth, 216 Va. 150, 155, 216 S.E.2d 64, 68 (1975) (citation omitted). Like the bar of former jeopardy under the Fifth Amendment, Code § 19.2-294 prevents the Commonwealth from "subjecting an accused to the hazards of vexatious, multiple prosecutions." Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (en banc).

Appellant concedes in his reply brief that Rule 3A:9 applies. However, he argues the trial court made a finding that "good cause" was shown and the record supports such finding. However, we note that the trial court never explicitly made a finding of "good cause."

Appellant offers his inability to obtain a certified copy of the Richmond conviction orders because of the holiday season and inclement weather as "good cause." In his reply brief, appellant, for the first time, argues that until he was convicted in Richmond circuit court a week earlier, there was no basis for a double jeopardy motion. However, appellant never made this argument to the trial court. His argument before the trial court was an explanation of the reason he could not produce certified copies of the Richmond conviction orders. When the Commonwealth argued appellant had not given timely written notice, appellant did not argue he had not had

-

sufficient time to comply.  His argument was that double jeopardy, being a constitutional issue, could be raised at any time.

In ruling that appellant had not waived his defenses, the trial court stated:

> Normally, if it goes to the institution of prosecution, it must be filed seven days ahead of time.  You have argued and, I think, most persuasively that, if it's double jeopardy in this jurisdiction, of course, that may be raised under the rule 309 [sic].[2]

Assuming, without deciding, the trial court implicitly found "good cause" under Rule 3A:9(d), the record does not support that finding.  As discussed above, appellant gave no reason for his non-compliance with Rule 3A:9.  He only offered an explanation of the reason he could not produce a certified copy of the Richmond conviction orders.  When addressing the Commonwealth's argument that a motion was not timely filed, appellant only argued that he could raise a double jeopardy defense at any time, even for the first time on appeal.

Since appellant did not comply with the notice provisions of Rule 3A:9 and did not show "good cause," he has waived the double jeopardy and Code § 19.2-294 defenses.  We, therefore, do

---

[2] This reference to Rule 309 is an obvious error in the record because there is no Rule 309.  In context, the argument dealt with Rule 3A:9.  We, therefore, assume Rule 3A:9 is being referred to by the trial court.

-

not address the merits of his argument and affirm the judgment

of the trial court.

Affirmed.

Elder, J., dissenting.

I believe the majority erroneously revisits the trial court's implicit finding of good cause for the late filing by Charles Walter Clay, Jr., (appellant) of his motions to dismiss. Therefore, I respectfully dissent. For the reasons that follow, I would reach the merits of the double jeopardy claim, affirming appellant's conviction for reckless driving pursuant to Code § 46.2-862 and reversing the conviction for evading and eluding police pursuant to Code § 46.1-817 because it constituted double jeopardy.

Rule 3A:9 requires that a defendant asserting a violation of double jeopardy or Code § 19.2-294 must file a written motion to dismiss on those grounds at least seven days before trial. Failure to comply with these requirements ordinarily results in a waiver of the right to make such a challenge, see Freeman v. Commonwealth, 14 Va. App. 126, 127, 414 S.E.2d 871, 872 (1992), but the trial court may grant relief from such waiver "[f]or good cause shown," Rule 3A:9(b)(3), (d). Here, as the majority acknowledges, the Commonwealth specifically contended that appellant's double jeopardy and Code § 19.2-294 challenges were waived because appellant made his motion on the day of trial rather than at least seven days prior to trial. The trial court ruled, however, that appellant was not procedurally barred from raising these challenges, and it heard evidence on the underlying facts. Implicit in this approach is that the trial

-

court ruled against the Commonwealth and found "good cause" for appellant's failure timely to file a written motion to dismiss.

Although the majority concludes the record does not support a finding of "good cause," we are not at liberty to revisit this issue on appeal. In considering the constitutional and statutory issues, the trial court implicitly rejected the Commonwealth's argument that good cause did not exist, and the Commonwealth was not entitled to appeal that ruling. Revisiting and reversing that implicit ruling on appeal would amount to allowing the Commonwealth to appeal an issue which is not constitutionally or statutorily appealable. See Va. Const. art. VI, § 1; Code § 19.2-398; cf. Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992) (citing Hart v. Commonwealth, 221 Va. 283, 290, 269 S.E.2d 806, 810 (1980), for proposition that affirmance of trial court ruling based on right-result-wrong-reason rationale is not permitted where affirmance serves as "a subterfuge for a constitutionally prohibited cross-appeal"). Therefore, I would reach the merits of the appeal without examining the correctness of the trial court's implicit good cause ruling. See Manning v. Commonwealth, 2 Va. App. 352, 356 & n.2, 344 S.E.2d 197, 199 & n.2 (1986) (noting that Commonwealth could not contest court's ruling on admissibility of particular evidence, "right or wrong" and that Court of Appeals would "express no opinion on this issue").

-

In reaching the merits of the appeal, I would affirm appellant's conviction in Chesterfield County for reckless driving and reverse and dismiss his Chesterfield conviction for eluding on the ground that it constituted double jeopardy. The Double Jeopardy Clause of the United States Constitution "'protects against [(1)] a second prosecution for the same offense after acquittal[, (2)] . . . a second prosecution for the same offense after conviction[, and (3)] . . . multiple punishments for the same offense.'" Illinois v. Vitale, 447 U.S. 410, 415 (1980) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)); see Bennefield v. Commonwealth, 21 Va. App. 729, 739-40, 467 S.E.2d 306, 311 (1996) (holding that double jeopardy provisions of United States Constitution are co-extensive with those of Virginia Constitution). Code § 19.2-264, upon which appellant also relies, provides similar protections: "If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to prosecution or proceeding under the other or others."[3] "[T]he analysis for what constitutes the same act or

_____

[3] The ways in which Code § 19.2-294 differs from double jeopardy protections, see, e.g., Hall v. Commonwealth, 14 Va. App. 892, 894, 421 S.E.2d 455, 457 (1992) (en banc) (noting that statute does not bar multiple convictions for same act when obtained in a single trial whereas double jeopardy may preclude such convictions even if obtained in a single trial); Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981) (holding that statute applies only to statutory offenses and not common law crimes), are not relevant in appellant's case.

-

transaction is the same" for double jeopardy and Code

§ 19.2-294.  Henry v. Commonwealth, 21 Va. App. 141, 146 n.2,

462 S.E.2d 578, 581 n.2 (1995).  "The test of whether there are

separate acts sustaining several offenses 'is whether the same

evidence is required to sustain them.'"  Treu v. Commonwealth,

12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes

v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971)).

This requires a determination of "whether the acts are the same

in terms of time, situs, victim, and the nature of the act

itself."  Hall v. Commonwealth, 14 Va. App. 892, 898, 421 S.E.2d

455, 459 (1992) (en banc).  "Two crimes, even though similar

because committed by the same criminal agent during a continuing

course of action . . . , are not committed by the same act if

not simultaneously committed."  Henry, 21 Va. App. at 146, 462

S.E.2d at 581.

The burden of establishing the identity of the offenses is

on the accused.  See Low v. Commonwealth, 11 Va. App. 48, 50,

396 S.E.2d 383, 384 (1990).  An accused ordinarily may meet this

burden by offering a transcript of the prior proceedings into

evidence, but the burden may be met in other ways, such as

through a concession by the Commonwealth as to the identity of

the offenses.  See id.

At issue here are two sets of convictions for violation of

the same or similar statutes.  Assuming without deciding that

Code § 19.2-294 may be applied, despite the fact that at least

-

some of the challenged convictions were rendered under identical statutes rather than "two or more statutes," the determinative issue for both the constitutional and statutory claims is whether the acts supporting the convictions are the same. This analysis, therefore, requires a careful review of the evidence presented. The Commonwealth's implicit proffer[4] at the hearing on the motion to dismiss and the testimony given by State Trooper John Wright at trial, after which appellant renewed his motion to dismiss, provide a complete recitation of the events on which both the Richmond and Chesterfield convictions were based.

At the hearing on the double jeopardy motion, the Commonwealth's attorney said that the trooper who took out the Richmond and Chesterfield warrants was present and argued that the two sets of warrants "essentially [were based on] two different events." He continued:

> What happened is that . . . the defendant
> was driving in the City, was stopped by the
> trooper and came to a complete and total
> stop on the side of the road, and we would
> say that ended the first event. The trooper
> walks up to him. At that point, he then

---

[4] Although the Commonwealth's attorney rejected the proffer of defense counsel, the Commonwealth made its own proffer as to why the two sets of charges were "essentially two different events." Although the Commonwealth contends on appeal that the record may not clearly establish all relevant events which supported the Richmond and Chesterfield County charges, I would hold that the Commonwealth's proffer in arguing that the charges arose from two different events, coupled with Trooper Wright's trial testimony, provide a sufficient record from which to analyze appellant's double jeopardy claim.

-

takes off, and at that point there, then, begins a second event of reckless driving and attempting to elude.

*      *      *      *      *      *      *

[W]hen the defendant starts from ground zero and takes off and gets going at 100 [or] so miles an hour, that's the attempt to elude. And, when he almost drives other citizens off the road, that's the reckless driving.

Trooper Wright's trial testimony confirmed and expanded upon the Commonwealth's pretrial proffer. Shortly before 6:00 p.m. on June 21, 1998, Wright observed a red Chevrolet speeding in the southbound lanes of Interstate 95 in the City of Richmond. After pacing the vehicle at 83 miles per hour in a 55 miles-per-hour zone, Wright caught up with the vehicle and activated his blue lights and siren. "When the blue lights and siren came on," the vehicle pulled to the side of the road, and Trooper Wright followed. After calling in the license number, Wright exited his vehicle and walked toward the red car, but it sped off before he reached it. Trooper Wright ran back to his car and began to pursue the Chevrolet at high speed with his lights still flashing. After the Chevrolet veered off onto Chippenham Parkway into Chesterfield County, Trooper Wright paced it at 110 miles per hour in a 55 miles-per-hour zone. During the chase, appellant drove down the center line of the road, narrowly missing at least one car as he passed it. Although Trooper Wright never got a good look at the driver of

-

the fleeing Chevrolet, the driver of the car the Chevrolet narrowly missed identified appellant as the driver of the Chevrolet.  Wright was unable to keep pace with appellant's car, but using the license plate number, he subsequently arrested appellant at his home.

The record established that appellant was convicted in the Richmond General District Court on November 18, 1998, on warrants obtained by Trooper Wright for (1) "driv[ing] a vehicle on the highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person" on June 21, 1998, in violation of Code § 46.2-852 and (2) "willfully fail[ing] to bring his motor vehicle to a stop after having received an audible or visible signal from a law-enforcement officer to do so" on June 21, 1998, in violation of Code § 46.2-817.  The record does not establish definitively whether appellant appealed these convictions and, if so, whether the outcome on appeal resulted in his conviction or acquittal. However, because the double jeopardy clause bars subsequent prosecution after a conviction or acquittal, see Vitale, 447 U.S. at 415 (citing Pearce, 395 U.S. at 717), the ultimate outcome of the charge is not crucial as long as the evidence establishes the second prosecution is for the same offense.

As to appellant's two reckless driving convictions, both based on excessive speed, the evidence establishes that appellant committed two separate offenses during two separate

-

acts of driving such that the reckless driving conviction rendered in Chesterfield did not constitute double jeopardy. Per Trooper Wright's testimony, appellant drove 83 miles per hour in a 55 miles-per-hour zone before Wright activated his lights and siren and pulled appellant over to the side of the road.  As per the Commonwealth's attorney's proffer, this constituted "the first event" and provided the basis for appellant's reckless driving conviction in Richmond.  After appellant came to a complete stop on the side of the road and then drove away as Trooper Wright approached on foot, appellant obtained a speed of 110 miles per hour in a 55 miles-per-hour zone.  This constituted a "second event" of reckless driving and supported appellant's conviction for reckless driving in Chesterfield County.[5]

As to appellant's two convictions for attempting to elude a police officer, however, the evidence establishes only a single act of eluding which continued from Richmond into Chesterfield County.  The Commonwealth's attorney proffered that "the first event" ended when appellant's vehicle came to a complete stop on the side of the road.  Viewed along with Trooper Wright's

---

[5] Although the Commonwealth's attorney argued during the motion hearing that the Chesterfield reckless driving conviction was based on "[appellant's] almost driv[ing] other citizens off the road," the warrant on which appellant was arrested and convicted was based on excessive speed, and the instructions given the jury permitted a conviction for reckless driving based only on excessive speed.

-

testimony, the events to that point establish only that appellant drove recklessly by exceeding the speed limit and that he pulled over immediately when Wright activated his lights and siren.  Thus, although appellant may have formulated a plan to stop and then speed away from Trooper Wright before he actually pulled over in response to the lights, appellant's effort to elude was one continuous act regardless of when it began, and it began no later than when appellant "start[ed] from ground zero and [accelerated to] 100 . . . miles an hour."  This is precisely the same act the Commonwealth's attorney proffered in support of appellant's second conviction for eluding.  Because nothing separated the acts supporting the convictions in terms of time, situs, victim or nature, they were one in the same for purposes of double jeopardy

On appeal, the Commonwealth contends that appellant's initial flight from the side of the road constituted one act and his failure to stop a second act.  However, the only reasonable inference from the evidence is that appellant acted on a single impulse with an ongoing intent to elude.  Compare Carter v. Commonwealth, 16 Va. App. 118, 127-29, 428 S.E.2d 34, 41-42 (1993) (holding that rape generally is not a continuous offense and that one who repeated the crime by penetrating the victim, allowing her to visit bathroom, penetrating her again, stopping for several minutes, and penetrating her a third time was properly convicted of three counts of rape because evidence

-

established that each of the "repenetrations was clearly . . . occasioned by separate acts" (citation omitted)), with Campbell v. Commonwealth, 201 Va. 507, 510-11, 112 S.E.2d 155, 157-58 (1960) (holding that where accused hit victim multiple times with revolver, causing him to fall into chair, said "I ought to kill him," and then shot him within thirty to sixty seconds of when he fell into chair, accused was engaged in fight involving but one impulse and could be convicted for one count of common assault rather than two for striking victim and then shooting him).  Because the Chesterfield conviction for eluding was based on the same act as the Richmond conviction, it constituted double jeopardy.[6]  Therefore, I would hold the trial court erred in denying appellant's motion to dismiss the Chesterfield eluding charge, and I would reverse and dismiss this conviction.

Appellant contends on brief that, because his Richmond eluding conviction was based on the single act of driving from Richmond into Chesterfield, this conviction also barred his Chesterfield reckless driving conviction because it resulted

---

[6] The Commonwealth does not contend that appellant committed two violations of the same statute simply by crossing the jurisdictional boundary between Richmond and Chesterfield County, and I do not believe such a distinction, standing alone, is dispositive.  Cf. Padgett v. Commonwealth, 220 Va. 758, 761, 263 S.E.2d 388, 389-90 (1980) (holding under Code § 19.2-264.1, which provides that accused may not be convicted for driving while intoxicated and reckless driving "growing out of the same act or acts," that the difference in venue does not "alter[] the singular nature of the act or acts out of which the charges arose").

from the same act of driving. Assuming without deciding appellant properly preserved this argument for appeal, I would hold that it lacks merit. We held in Lash v. County of Henrico, 14 Va. App. 926, 421 S.E.2d 851 (1992) (en banc) (applying Code § 19.2-264), that a conviction for eluding a police officer did not preclude a conviction for reckless driving which arose out of the same "'continuous, uninterrupted course of operation of a motor vehicle.'" Id. at 930-31, 421 S.E.2d at 853-54 (quoting Padgett v. Commonwealth, 220 Va. 758, 761, 263 S.E.2d 388, 389-90 (1980)). We reasoned that "[t]he manner in which the defendant drove away from the officer and the manner in which he drove through the red traffic signal and through the supermarket parking lot were acts upon which the charge of reckless driving could have been based" whereas "[t]he defendant's failure to stop in response to the police officer's flashing light and siren after he drove away and before he reached the supermarket intersection was a separate and distinct act upon which the [eluding offense] was based." Id. at 930-31, 421 S.E.2d at 853-54. Similarly here, although the Chesterfield reckless driving conviction was based on speeding which occurred in the course of appellant's flight from the officer, it began after appellant initiated his flight and constituted a distinct act for purposes of double jeopardy and Code § 19.2-264 analysis.

For these reasons, I would reach the merits of appellant's appeal and affirm his Chesterfield conviction for reckless

-

driving but reverse and dismiss his Chesterfield conviction for eluding a police officer because it constituted double jeopardy. Therefore, I respectfully dissent.