COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Kelsey and Powell
Argued at Chesapeake, Virginia

KARSTEN OBED ALLEN

                                                        OPINION BY
v.        Record No. 0755-10-2                 JUDGE D. ARTHUR KELSEY
                                                        AUGUST 2, 2011
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Catherine S. Rusz (Johnson, Gaborik, Fisher-Rizk and
Rusz, PLC, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief),
for appellee.

A jury convicted Karsten Obed Allen of abduction with intent to extort money or for

pecuniary benefit, attempted robbery, possession of a firearm by a convicted felon, wearing body

armor while possessing a firearm and during the commission of a crime of violence, use of a

firearm in the commission of abduction, and use of a firearm in the commission of attempted

robbery.  Allen was tried at a joint trial with his codefendant, Carol Norman Drew, III.  The court

instructed the jury to consider separately the evidence as it related to each defendant.

On appeal, Allen argues the trial court erred by trying him jointly with Drew.  In a prior

appeal of Drew's convictions, we rejected this assertion advocated from Drew's perspective.

See Drew v. Commonwealth, No. 2846-09-2, 2011 Va. App. LEXIS 45 (Va. Ct. App.

Feb. 8, 2011).  We reach the same conclusion in this case advocated from Allen's perspective.

I.

SCOPE OF APPELLATE REVIEW

When affirming a ruling made prior to trial, an appellate court may consider not only the

proffers at the pretrial hearing but also the evidence presented at trial.  See generally Emerson v.

Commonwealth, 43 Va. App. 263, 272, 597 S.E.2d 242, 247 (2004) (applying principle to a pretrial suppression motion); DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987) (same); see also United States v. Han, 74 F.3d 537, 539 (4th Cir. 1996) (noting federal courts have "held uniformly that an appellate tribunal may consider evidence adduced at trial that supports the district judge's ruling" made prior to trial).

As an appellate basis for reversing a pretrial severance ruling, however, evidence at trial becomes relevant only if the defendant renews his motion at trial. "[T]he fact a pretrial motion has been denied is no reason for not renewing the motion during the course of the trial." 5 Wayne R. LaFave, Criminal Procedure § 17.3(d), at 57 (3d ed. 2007). Only by doing so does the defendant invite the trial court to reconsider its pretrial ruling in light of the actual evidence presented — rather than merely relying (as the trial court ordinarily must when deciding the issue prior to trial) solely upon the charging documents and the pretrial proffers of the parties. See United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002); see generally 5 LaFave, *supra*, at 57 ("Failure to renew the motion at trial . . . at a minimum is likely to limit appellate review to the question of whether the judge properly decided the pretrial motion on the facts then available to him.").[1]

## II.
### JOINDER AND SEVERANCE STANDARDS

Code § 19.2-262.1 governs joint trials of codefendants in criminal cases. If the Commonwealth shows "good cause" for a joint trial, "the court shall order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or

---

[1] Unlike a pretrial motion to sever, however, a motion during trial should take into account applicable double jeopardy principles governing retrials. See generally United States v. Newton, 327 F.3d 17, 21-26 (1st Cir. 2003); United States v. Odom, 888 F.2d 1014, 1018-21 (4th Cir. 1989).

occurrences constituting an offense or offenses, to be tried jointly unless such joint trial would constitute prejudice to a defendant." Code § 19.2-262.1. However, if the trial court "finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other relief justice requires." Id.; see generally Dearing v. Commonwealth, 259 Va. 117, 122, 524 S.E.2d 121, 123-24 (2000).

Prior to the enactment of Code § 19.2-262.1, a criminal defendant's election to be tried separately was "a matter of right." Burgess v. Commonwealth, 224 Va. 368, 373, 297 S.E.2d 654, 656 (1982) (citation omitted). Enacted in 1993, Code § 19.2-262.1 eliminated that right and provided a trial court "in its discretion, may" order joint trials. A few years later, the General Assembly substituted "shall" for the phrase "in its discretion, may" — thereby establishing a presumption in favor of joint trials when the Commonwealth shows "good cause" for joinder. See 1997 Va. Acts ch. 518.[2] In its present form, Code § 19.2-262.1 places the initial burden of persuasion on the Commonwealth to show good cause for a joint trial. If good cause exists, the defendant seeking a severance "has the burden of proving that a joint trial will result in prejudice." Ronald J. Bacigal, Virginia Practice: Criminal Procedure § 14:19, at 398 (2010-2011 ed.) (citation omitted).

The underlying determinations of good cause and prejudice involve a case-by-case exercise of the trial court's discretion. See Dickerson v. Commonwealth, 29 Va. App. 252, 254,

---

[2] At the time of Allen's trial, Rule 3A:10(a) provided: "On motion of the Commonwealth, for good cause shown, the court, *in its discretion, may order* persons . . . to be tried jointly unless such joint trial would constitute prejudice to a defendant." (Emphasis added.) Former Rule 3A:10(a) mistakenly cast the good cause determination as a discretionary ("may") directive rather than the mandatory ("shall") directive mandated by the 1997 amendment to Code § 19.2-262.1. See 1997 Va. Acts ch. 518. Because rules of court cannot contradict statutes, we do not apply former Rule 3A:10(a) to this case. See Va. Const. art. VI, § 5 (stating rules of court "shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly"). Rule 3A:10(a) has since been amended to conform to the statute. See Va. Sup. Ct. Order dated March 1, 2011 (amending, effective May 2, 2011, Rule 3A:10(a) by deleting "in its discretion, may" and inserting "shall").

511 S.E.2d 434, 435-36 (1999); <u>Adkins v. Commonwealth</u>, 24 Va. App. 159, 162-63, 480 S.E.2d 777, 779 (1997). On appeal, we do not review these decisions *de novo* but rather under the deferential abuse-of-discretion standard. "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." <u>Grattan v. Commonwealth</u>, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting in parenthetical <u>Thomas v. Commonwealth</u>, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005)).

On appeal, Allen does not claim the trial court abused its discretion in finding good cause for the joint trial. <u>See</u> Oral Argument Audio at 00:53 to 02:10. Instead, Allen contends only that the court erred in refusing to accept his argument that the joint trial would prejudice him. <u>Id.</u> Allen's prejudice argument turns on a single, general assertion: "Connecting Allen with Drew in front of a jury tainted their ability to fairly judge Allen on the evidence against him by creating a vicarious guilt attaching to Allen, simply by virtue of being tried with Drew." Appellant's Br. at 10. As Allen views the case, the incriminating evidence against him was far less convincing than the incriminating evidence against Drew — thus raising the specter of "vicarious guilt." <u>Id.</u>

We find it unnecessary to examine the evidence in detail to determine whether Allen's factual assessment is persuasive because we disagree with the legal premise of his argument. Even if the case against Drew were stronger than that against Allen, that fact by itself would not entitle Allen to a separate trial. A criminal defendant must show a joint trial would cause "actual prejudice" to his rights, <u>Randolph v. Commonwealth</u>, 24 Va. App. 345, 363-64, 482 S.E.2d 101, 110 (1997) (citation omitted) — not theoretical or hypothetical prejudice, but rather "legally cognizable prejudice," <u>Zafiro v. United States</u>, 506 U.S. 534, 541 (1993).[3] This occurs only

---

[3] "Cases interpreting the federal rules on joinder are instructive in Virginia because both the federal rules and the Virginia statute focus on prejudice as the determinative factor governing joinder." Bacigal, *supra* at 397.

when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants" or when the joinder would "prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

That the prosecution may have a stronger case against one codefendant than another does not, by itself, constitute actual prejudice. Criminal defendants "are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Id. at 540. Nor does it matter that "separate trials would more likely result in acquittal" or that "the evidence against one defendant is not as strong as that against the other." United States v. Shealey, 641 F.3d 627, ___ (4th Cir. 2011) (citation omitted); United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) (citing United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992)). "The fact that the evidence against one defendant is stronger than the evidence against other defendants does not in itself justify severance." Brooks, 957 F.2d at 1145 (citing United States v. Hargrove, 647 F.2d 411, 415 (4th Cir. 1981)). All the more, the mere assertion that a codefendant was "more deeply involved in the crime" does not constitute actual prejudice. Hargrove, 647 F.2d at 415. If it were enough, separate trials "would have to be granted almost as a matter of course," Brooks, 957 F.2d at 1145, except in those rare cases where the incriminating evidence is precisely the same against one defendant as it is against all others.[4]

---

[4] On brief, Allen adds: "To complicate things further, Drew testified in his own defense in the joint trial. Had Allen been tried separately from Drew, this evidence would not have come in." Appellant's Br. at 12. This point, however, is not accompanied by any citation to legal authority, see Rule 5A:20(e), was not raised at the pretrial hearing on joinder, see discussion *supra* at Part I, and was not argued at trial as a basis for severance, see Rule 5A:18. In any event, we see no reason to address the issue further. Cf. Nelson v. O'Neil, 402 U.S. 622, 629-30 (1971) (holding a defendant has been denied no specific trial right "protected by the Sixth and Fourteenth Amendments" by the mere fact that "a codefendant takes the stand in his own defense"); United States v. Vanichromanee, 742 F.2d 340, 348 (7th Cir. 1984) ("A defendant is not automatically prejudiced when a codefendant testifies.").

III.

CONCLUSION

Because Allen "can point to no trial right which was compromised or any basis for concluding the jury was prevented from making a reliable judgment about his guilt or innocence," Barnes v. Commonwealth, 22 Va. App. 406, 413, 470 S.E.2d 579, 582 (1996), we hold the trial court did not abuse its discretion by refusing Allen's request for a separate trial.

Affirmed.