COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


KEVIN LAMONT DICKERSON
                                        OPINION BY
v.        Record No. 2359-97-2    JUDGE JERE M. H. WILLIS, JR.
                                        MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  James B. Wilkinson, Judge

         Brent A. Jackson (Jackson, Pickus &
         Associates, P.C., on briefs), for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     On appeal from his conviction for first degree murder, in

violation of Code § 18.2-32; malicious wounding, in violation of

Code § 18.2-51; robbery, in violation of Code § 18.2-58; and

three counts of use of a firearm in the commission of a felony,

in violation of Code § 18.2-53.1, Kevin Lamont Dickerson contends

that the trial court erred in ordering that he be tried jointly

with Dimitri Clarke.  We disagree and affirm the judgment of the

trial court.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences deducible therefrom."  Martin v. Commonwealth, 4 Va.

App. 438, 443, 358 S.E.2d 415, 418 (1987).

     On January 6, 1997, Dickerson and Dimitri Clarke arrived at

Preston Stiles' apartment to purchase marijuana.  Dickerson

entered the apartment and argued with Stiles for several minutes,

during which time Clarke also entered.  After the three "tussl[ed]," Stiles told Clarke and Dickerson that they could take whatever they wanted.

Clarke then forced Stiles and Kimberly Wells to lie on the floor.  He held them there at gunpoint while Dickerson ransacked the apartment.  Clarke went through Stiles' pockets, shot Wells three times, and shot Stiles fatally in the head.

Dickerson and Clarke were each indicted for murder, malicious wounding, robbery, and use of a firearm in the commission of each of the predicate offenses.  The Commonwealth moved to try the charges against Dickerson and Clarke jointly.  Dickerson objected.  He argued that he had an alibi and therefore a defense different from Clarke's, that he and Clarke were enemies, and that his right to confront Clarke would be compromised by Clarke's right against self-incrimination.

The trial court ordered joinder and commenced a single trial, which ended in a mistrial.  Following a second trial, the jury found Dickerson and Clarke guilty of all charges.

Code § 19.2-262.1 provides:

> On motion of the Commonwealth, for good cause shown, the court shall order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses, to be tried jointly unless such joint trial would constitute prejudice to a defendant.  If the court finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other relief justice requires.

The decision whether to order joinder of trials lies within the sound discretion of the trial court. See Barnes v. Commonwealth, 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996). The trial court weighed the factors of efficiency and prejudice. It determined that the case did not require separate trials, that joinder would not result in prejudice, and that joinder was appropriate. The record supports that determination.

Dickerson argues that joinder denied him the ability to assert at trial that Wells had misidentified him and that Terry Brown was Clarke's confederate. The record does not support this contention. Dickerson cross-examined Wells on her identification. He presented Brown to Wells at trial. However, although she acknowledged a strong resemblance between Dickerson and Brown, she adhered to her identification of Dickerson as the man who participated with Clarke in committing the crimes.

Nothing in the record suggests that joinder prejudiced Dickerson's defense by rendering him unable to call Clarke as a witness. Even had the two men been tried separately, Clarke, if called to testify, could have asserted his Fifth Amendment right against self-incrimination. See U.S. Const. amend. V. See also Gosling v. Commonwealth, 14 Va. App. 158, 165-66, 415 S.E.2d 870, 874 (1992); Farmer v. Commonwealth, 12 Va. App. 337, 340, 404 S.E.2d 371, 372 (1991). Neither at the joinder hearing nor at trial did Dickerson attempt to call Clarke to testify, nor did he proffer what Clarke's testimony would be.

Thus, the record discloses no abuse of discretion in the trial court's determination that no prejudice would result from joinder and that joinder was appropriate.

## II.

Dickerson contends on appeal that Code § 19.2-262.1 is unconstitutional and, therefore, cannot be a proper basis on which to permit joinder.  He argues that by permitting joinder in the absence of a showing of prejudice, Code § 19.2-262.1 requires the defendant to predict not only his own strategy, but also the strategies of codefendants and of the Commonwealth.  He argues that this burden violates a defendant's Fifth and Fourteenth Amendment rights of due process.  He argues further that because a defendant is not allowed adequate discovery or examination of codefendants, he is denied his Sixth Amendment right of confrontation.  Dickerson did not present the foregoing arguments to the trial court.  He may not assert them for the first time on appeal.  See Rule 5A:18.  See also Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

The judgment of the trial court is affirmed.

Affirmed.