COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


VANCELLE T. BYRD

                                              MEMORANDUM OPINION* BY
v.        Record No. 2550-02-1               JUDGE ROSEMARIE ANNUNZIATA
                                                   DECEMBER 30, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       Charles D. Griffith, Jr., Judge

        Fay F. Spence, Deputy Public Defender, for appellant.

        Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Vancelle Byrd appeals his conviction by jury of burglary, four counts of robbery, and

four counts of use of a firearm in the commission of the robberies.  He contends that his trial was

improperly joined with that of his codefendant.  For the reasons that follow, we affirm his

convictions.

                                    I.  Background

        On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting it all reasonable inferences deducible from that evidence.  Commonwealth v. Grimstead,

12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  So viewed, the record discloses that Byrd,

Melvin Spain, and another man broke into a residence on the night of January 4-5, 2002, and

held at least six people at gunpoint.  During the robbery, Spain called one of the victims a "bitch"

as he directed her to lie down.  The robbers took a substantial amount of cash and any valuables

―――――――――――――
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

they could find in the course of the robberies. One of the victims was on a cell phone during the robbery. The person on the other end of the line heard the robbery in progress and called the police. A police officer was waiting outside the residence when the robbers exited the building.

Byrd and Spain fled when confronted by the police officer. Spain ran to a van and sped away, leading police on a dangerous high speed chase down icy roads. Byrd fled on foot. Both were shortly captured.

The police used a tracking dog to check the path extending from the scene of the crime to the location of Byrd's arrest. Numerous items were discovered along Byrd's flight path and were identified at trial as the property of the victims. Byrd was also identified by one of the victims who saw him as he entered the apartment. After the arrests, some of the victims were uncooperative with police. Byrd contends the absence of cooperation evinced a relationship between Spain and some of the victims.

The Commonwealth moved to try Spain and Byrd jointly pursuant to Code § 19.2-262.1. Byrd opposed the motion for joinder, contending that the Commonwealth failed to show good cause and that a joint trial would prejudice him. He also claimed that Spain was prepared to testify that he did not know Byrd and had never met him. A joint trial, according to Byrd, would prevent him from calling Spain to the stand because Spain would rightly invoke his Fifth Amendment privilege. The trial court granted the Commonwealth's motion, finding that it established good cause and that Byrd would suffer no prejudice.

Finding no error, we affirm.

## II. Analysis

### A. Good Cause

Code § 19.2-262.1 provides:

> On motion of the Commonwealth, for good cause shown, the court
> shall order persons charged with participating in contemporaneous

- 2 -

and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses, to be tried jointly unless such joint trial would constitute prejudice to a defendant. If the court finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other relief justice requires.

Thus, if the Commonwealth shows that good cause exists for joinder *and* that the defendant will suffer no actual prejudice, the trial court shall order that all defendants be tried jointly. Generally, the decision whether to order joinder lies within the sound discretion of the trial court, and its decision will be overturned on appeal only for an abuse of discretion. Barnes v. Commonwealth, 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996); Dickerson v. Commonwealth, 29 Va. App. 252, 254, 511 S.E.2d 434, 435 (1999).

Byrd contends the trial court improperly concluded that the number of witnesses needed for trial constituted good cause to try the defendants jointly. In response to a similar argument, the Supreme Court of Virginia held unequivocally in Dearing v. Commonwealth, 259 Va. 117, 524 S.E.2d 121 (2000), that "[t]he Commonwealth demonstrated good cause for the joinder of the defendants' trials because the trials required the presence of numerous witnesses who would have had to appear at two separate trials had the motion been denied." Id. at 122, 524 S.E.2d at 124.

Here, the record discloses that the Commonwealth planned to call twelve witnesses. Byrd argues that two of the twelve witnesses provided evidence solely against Spain, and two solely against Byrd. Byrd argues that those four witnesses should be discounted and reasons that the witness pool could therefore no longer be characterized as "numerous." Such arithmetic, however, still leaves eight witnesses common to both defendants who would have to testify twice if separate trials were ordered. We find that the trial court did not abuse its discretion in holding that the number of witnesses that would be inconvenienced by separate trials constituted good cause to try Byrd and Spain jointly.

- 3 -

B.  Actual Prejudice

Byrd also argues that he suffered actual prejudice as a result of being tried jointly with Spain.  His claim of prejudice rests on the following grounds:  1) Spain's use of profanity in the commission of the crime; 2) Spain's high speed flight from the police; 3) Byrd's inability to explore the relationship between Spain and certain guests at the party; and 4) Byrd's inability to call Spain to testify in his defense.  We find that the first three issues are procedurally barred, and we find that the fourth contention is without merit.

1.  Procedural Default

Objections made at the trial level that are "stated together with the grounds therefor" will be preserved for appeal.  Rule 5A:18.  This Court, however, will not hear arguments that were never presented to the trial judge.  Michaels v. Commonwealth, 32 Va. App. 601, 607, 529 S.E.2d 822, 825 (2000); see also Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (noting that defendant could not rely upon an argument on appeal that was not raised at trial even if the argument related to an issue properly raised).  This rule is intended to afford the trial judge an opportunity to consider the issues intelligently and take corrective action, if necessary, "to avoid unnecessary appeals."  Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc).

Here, Byrd argues for the first time that Spain's profanity and Spain's flight from the police were so inflammatory that the conduct prejudiced the jury against him.  He also argues for the first time that he was prejudiced by his inability to explore Spain's relationship with some of the victims, even though he never attempted to explore the relationship at trial.  The trial judge never had an opportunity to intelligently consider these arguments.  We therefore find that they are procedurally barred on appeal by Rule 5A:18.

## 2. Inability to Call Codefendant Spain

Establishing actual prejudice requires a showing that the joint trial compromised a specific trial right of the defendant or prevented the trier of fact from making a reliable determination of the defendant's guilt or innocence. Adkins v. Commonwealth, 24 Va. App. 159, 163, 480 S.E.2d 777, 779 (1997). A joint trial does not prejudice a defendant if a separate trial only offered a better chance of acquittal. Barnes v. Commonwealth, 22 Va. App. 406, 412-13, 470 S.E.2d 579, 582 (1996). Virginia courts have rejected the argument that prejudice results from a joint trial because it prohibits a defendant from calling a codefendant to the stand. Dearing, 259 Va. at 122, 524 S.E.2d at 124; Dickerson, 29 Va. App. at 255, 511 S.E.2d at 436. It is clear that the codefendant may invoke his Fifth Amendment right against self-incrimination in a separate trial just as in a joint trial. Dearing, 259 Va. at 122, 524 S.E.2d at 124.

Byrd argues that the joint trial prejudiced him because it prevented him from calling the codefendant Spain to the stand. He claims that Dickerson is distinguishable from the instant case because Dickerson failed to make a proffer of the expected testimony. Contrary to Byrd's assertion, the absence of a proffer in Dickerson was not determinative. The Court noted that "[e]ven had the two men been tried separately, [the codefendant], if called to testify, could have asserted his Fifth Amendment right against self-incrimination." Dickerson, 29 Va. App. at 255, 511 S.E.2d at 436. The Supreme Court in Dearing considered and rejected a nearly identical argument. The Court held that Dearing could not show actual prejudice because a "defendant [has] no right to compel . . . [a] co-defendant, to testify in either a joint trial or a separate trial if [that codefendant] elected to invoke his right against self-incrimination guaranteed by the Fifth Amendment to the federal Constitution." Dearing, 259 Va. at 122, 524 S.E.2d at 124. We find, therefore, that Byrd has not established he suffered actual prejudice as a result of his joint trial with Spain.

To address the bar presented by Spain's Fifth Amendment rights, Byrd argues that the trial court may have granted Spain use immunity. Even had the trial court granted Spain use immunity, however, it could not compel him to testify if he decided to assert his Fifth Amendment privilege. Gosling v. Commonwealth, 14 Va. App. 158, 164-65, 415 S.E.2d 870, 873 (1992) (construing Code § 19.2-270).

Byrd finally argues that, even had Spain asserted his Fifth Amendment privilege in a separate trial, the jury would have had the benefit of seeing Byrd's attempt to show that he was not familiar with him. The trial court rejected this argument because the examination Byrd envisioned, which would have included the opportunity for Spain to invoke his Fifth Amendment rights, would have occurred outside the presence of the jury. We find no error in the trial court's conclusion that Byrd was not prejudiced by the joint trial with Spain.

In conclusion, we find the trial court did not err in ordering Byrd to be tried jointly with his codefendant, good cause for joinder was shown, and Byrd did not suffer actual prejudice as a result. We affirm the judgment of the trial court.

Affirmed.