COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


AARON LAMONT BARNES

v.          Record No. 0456-95-2          OPINION BY
                                   JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA          MAY 14, 1996


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge


Cary B. Bowen (Bowen & Bowen, on brief), for
appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Following a jury trial on February 27 and 28, 1995 in the

Circuit Court of the City of Richmond, appellant, Aaron Lamont

Barnes ("Barnes"), was convicted of two counts of murder, two

counts of using a firearm in the commission of murder, and

possession of a firearm after having been convicted of a felony.

Barnes was sentenced to life imprisonment plus forty years and

fined $26,000.  On appeal, Barnes contends the trial court abused

its discretion (1) by refusing to sever his trial from that of

his co-defendant; and (2) by denying his motion for continuance

when a subpoenaed witness did not appear.  Finding no error, we

affirm the convictions.

On the early morning of April 5, 1994, Patrick Allen

("Patrick") and Tamara Hinton ("Tamara") died as a result of

multiple gunshot wounds.  Forensic evidence indicated that the

bullets recovered from the victims' bodies had been fired from three guns.  Based on information given by an eyewitness, Cornelius Clanton ("Clanton"), the police arrested Barnes and Gregory Allen ("Allen").

Barnes, Allen, and a third man, Kenneth Haskins ("Haskins"), were indicted for the killings, and the Commonwealth filed a motion requesting a joint trial.  In its motion, the Commonwealth asserted that the defendants would not be prejudiced by a joint trial because none of the three had made an incriminating statement and because no evidence would be presented against one defendant which would not be admitted if the defendants were tried separately.

By the date of trial, the Commonwealth had decided not to prosecute Haskins.  Concerned with the possible testimony of Haskins, Barnes made a motion to sever his trial from that of Allen.  The Commonwealth proffered that Haskins would testify that Barnes was one of the shooters and that Allen was at the scene, although he was not sure if Allen was a shooter.  The Commonwealth stated its intent not to call Haskins as a witness, however.  Barnes argued that a joint trial would result in prejudice to him because Allen would likely call Haskins to exculpate him while Barnes would never consider calling Haskins.  The court denied Barnes' motion to sever.

Before the trial began, Barnes requested a continuance because a subpoenaed witness, Florence Elliot ("Elliot"), was not

present. Barnes told the court he had spoken with Elliot a week earlier, and that she had indicated she would be in court. Before the Commonwealth responded, the judge stated he would continue the case if necessary, and he asked Barnes to proffer Elliot's testimony. Barnes replied that Elliot was a material witness and offered to proffer her testimony in camera. The court denied Barnes' request, stating that the issue was a matter of public concern and that the court was interested in moving the docket. The court proceeded with the trial, stating that it would send the sheriff for Elliot and continue the case if necessary.

By the close of the Commonwealth's case, Elliot had not appeared. The court issued a capias, but the sheriff could not find her. The defense put on its evidence, except for Elliot. By the end of the day, Elliot still had not appeared. The court continued the case until the following morning to allow Barnes the opportunity to locate Elliot.

The following morning, the court asked Barnes if he had additional evidence to present; Barnes replied that he did not. Barnes did not mention Elliot again, either during the trial or upon renewing his motions at the close of the evidence. Barnes never proffered Elliot's testimony.

At trial, Clanton identified Barnes and Allen as two of the three shooters; he testified that he did not recognize the third. The Commonwealth did not call Haskins, but Allen did. Haskins

testified that Barnes enticed Patrick out of a "bootlegger house" and that he then heard shots.  Haskins saw two men shooting Patrick and Barnes shooting Tamara.  On his way to the bootlegger's house, Haskins said he saw Allen; however, he did not see Allen do anything once the shooting started.

## I.

Under former Code § 19.2-263,[1] co-defendants could elect to be tried separately as a matter of right.  <u>Burgess v. Commonwealth</u>, 224 Va. 368, 373, 297 S.E.2d 654, 656 (1982).  Prejudice was not a factor, and a co-defendant's election was not a matter for the exercise of judicial discretion.  <u>Id.</u> at 372-73, 297 S.E.2d at 656.  Code § 19.2-263 was repealed in 1993, and, in its place, the General Assembly enacted Code § 19.2-262.1, which provides:

> On motion of the Commonwealth, for good cause shown, the court, in its discretion, may order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses to be tried jointly unless such joint trial would constitute prejudice to a defendant.  If the court finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other

---

[1] Code § 19.2-263 provided:

> If a person, indicted jointly with others for a felony, elects to be tried separately, the panel summoned for their trial may be used for him who is first tried and the court shall cause to be summoned a new panel for the trial of the others, jointly or separately, as they may elect.

relief justice requires.

Barnes does not dispute that the acts for which he and Allen were charged are sufficiently related under the statute. Rather, Barnes contends that the joint trial was prejudicial to him because Haskins would not have testified for the defense in Barnes' trial had the trials been separate.

A panel of this Court recently analogized Code § 19.2-262.1 to the Federal Rules of Criminal Procedure governing joinder of defendants. See Goodson v. Commonwealth, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996); see also Fed. R. Crim. P. 8(b), 14.[2] The

---

[2] Federal Rule of Criminal Procedures 8(b) provides:

[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Federal Rule of Criminal Procedure 14 provides:

[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . . .

Federal Rules start from the premise that co-defendants will be tried jointly unless prejudice is shown, while the Virginia rule starts from the premise that co-defendants will be tried separately but that the trials may be joined unless prejudice is shown.  Notwithstanding this distinction, prejudice is the element governing whether co-defendants will be tried jointly under both statutory schemes.  See Goodson, 22 Va. App. at 71 n.2, 467 S.E.2d at 853 n.2.  Accordingly, "cases interpreting prejudice under Rule 14 are instructive in determining what constitutes `prejudice' under Code § 19.2-262.1."  Id.

As a general proposition, prejudice requiring severance under the federal provisions results only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  See Zafiro v. United States, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993).  "The risk of prejudice will vary with the facts in each case," id., and "the determination of the risk of prejudice . . . [is left] to the sound discretion of the [trial] court."  Id. at 541, 113 S. Ct. at 939; United States v. Brugman, 655 F.2d 540, 543 (4th Cir. 1981); cf. Code § 19.2-262.1 (decision to order joint trial left to discretion of trial court).  In determining the propriety of ordering a joint trial of multiple defendants, the degree of prejudice may be balanced against the effectiveness of using other measures to cure any such risk, such as limiting

instructions. Zafiro, 506 U.S. at 539, 113 S. Ct. at 938 (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)).

Thus, prejudice may be found to result where evidence, inadmissible against a defendant if tried alone, is admitted in a joint trial against a co-defendant. Id.; cf. Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988) (addressing prejudice in conjunction with Rule 3A:6(b), which provides for the joinder of offenses, and concluding that prejudice is not established where evidence of each offense would be admissible in the separate trial of the other). Prejudice may result where exculpatory evidence, available to a defendant if tried alone, is unavailable if tried jointly. Zafiro, 506 U.S. at 539, 113 S. Ct. at 938 (citing Tifford v. Wainwright, 588 F.2d 954 (5th Cir. 1979) (per curiam)). Prejudice may also result in a complex case where the co-defendants exhibit markedly different degrees of culpability. Id. (citing Kotteakos v. United States, 328 U.S. 750, 774-75 (1946)). Conversely, prejudice does not exist merely because a co-defendant has a better chance of acquittal if tried separately, and a defendant has no right to exclude relevant and competent evidence, such as the testimony of a former co-defendant. Id. at 540, 113 S. Ct. at 938.

Here, the Commonwealth introduced the same evidence against each co-defendant and made the "tactical" decision not to call Haskins. The Commonwealth's decision does not lead to the ineluctable conclusion that Haskins' testimony would not have

- 7 -

been properly admitted in Barnes' case had he been tried separately. Moreover, Barnes can point to no trial right which was compromised or any basis for concluding the jury was prevented from making a reliable judgment about his guilt or innocence. See id. at 539, 113 S. Ct. at 938. Both men were similarly situated with respect to Haskins' testimony; although Haskins' testimony did not put the gun in Allen's hand, it put Allen at the scene of the crime, and both men received identical convictions and sentences. Cf. id. at 540, 113 S. Ct. at 939 (considering fact that jury found all four co-defendants guilty of various offenses). In short, Barnes has failed to establish that actual prejudice resulted from the joint trial. See Goodson, 22 Va. App. at 71, 467 S.E.2d at 853.

II.

Barnes' argument that the trial court abused its discretion in denying his motion for a continuance to secure the presence of Elliot is without merit. The record fails to support Barnes' contention that the court denied his motion. Rather, the court proceeded with trial, stating that it would send the sheriff for Elliot and continue the case if necessary. Elliot still had not appeared by the close of the Commonwealth's case, so the court issued a capias for her. Barnes put on his case, except for Elliot, who still could not be found. The court then continued the case until the following morning to allow Barnes the

opportunity to locate Elliot. Accordingly, we find the court did not deny Barnes' motion on day one. Instead, it provided Barnes exactly what he requested--time to secure Elliot's presence.

The following morning, the court asked Barnes if he had additional evidence to present. Barnes replied that he did not. Barnes did not request additional time to find Elliot and, indeed, made no further mention of her. Accordingly, Barnes' contention that the court erred in denying his motion for a continuance on day two is procedurally barred. See Rule 5A:18.

We find no basis for invoking the "ends of justice" exception. The trial court did not abuse its discretion. See, e.g., Novak v. Commonwealth, 20 Va. App. 373, 391, 457 S.E.2d 402, 411 (1995). Nothing in the record suggests that the court would have denied Barnes' additional requests for time. Indeed, nothing suggests that Barnes was unable to locate Elliot. For all the court knew, Barnes had located Elliot and found that her testimony would inculpate him. Moreover, Barnes never proffered the content of Elliot's testimony. Thus, we have no basis upon which to determine whether her absence prejudiced Barnes. See Gray v. Commonwealth, 16 Va. App. 513, 517, 431 S.E.2d 86, 89 (1993).

Accordingly, the convictions are affirmed.

Affirmed.