COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


THOMAS GERALD ADKINS, SR.
                                        OPINION BY
v.          Record No. 2993-95-3    JUDGE RICHARD S. BRAY
                                      FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WISE COUNTY
                     J. Robert Stump, Judge

          (Leonard D. Rogers, on brief), for appellant.
           Appellant submitting on brief.

          Marla Graff Decker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     In a joint trial on joint indictments, a jury convicted
Thomas Gerald Adkins, Sr. (defendant) of robbery and possession
of a firearm by a convicted felon.  A codefendant, Larry Herron
(Herron), was also convicted for like offenses and, additionally,
for unlawful wounding and larceny of a firearm.  On appeal,
defendant contends that the trial court erroneously granted the
Commonwealth's motion for joint trial, pursuant to Code
§ 19.2-262.1, and did not permit both defendant and Herron four
peremptory strikes during jury selection.  Finding no error, we
affirm the convictions.

     In accordance with well established principles, we view the
evidence in the light most favorable to the Commonwealth.  On the
evening of November 4, 1994, defendant and Herron, drinking
heavily, visited the apartment of Lester Cantrell, then age

eighty-one.  Cantrell recognized Herron and invited the two men into his apartment.  After some conversation, eating, and drinking, Cantrell attempted to leave the apartment, but was "knocked . . . down," beaten, kicked, and struck on the head with "a fruit jar or something" by Herron.  Defendant then approached Cantrell, "pulled out [a] big kni[fe]" and threatened to kill him with the weapon.  Injured, Cantrell watched as defendant and Herron ransacked his apartment, and "took all they could get," including $400 and a handgun.  Neither defendant nor Herron disputed that Cantrell had been beaten and robbed, but, in their respective testimony, each attributed the offenses to the other.

Herron had been previously convicted of several offenses arising from the incident but was subsequently granted a new trial for reasons unrelated to this appeal.  When the Commonwealth sought to join Herron's retrial with the instant prosecution, both defendant and Herron objected.  In a written pretrial motion, defendant contended that he would "be unduly prejudiced and the jurors . . . confused so as to not be able to differentiate between what evidence is against which defendant."  In arguing the motion, defendant asserted that judicial economy was outweighed by the prejudice to defendant certain to result from "evidence . . . admissible against Mr. Herron . . . [but] not . . . admissible against [him]."  During post-trial motions to set aside the verdicts, defendant revisited the joinder issue, contending then that the "antagonistic defenses" had "obviously

prejudiced both defendants," compelling each to testify and rebut the incriminating evidence of the other.[1]  In overruling defendant's initial objection and subsequent motion, the court reasoned that joinder would at once promote judicial economy and the interests of the elderly victim, Cantrell, without prejudice to defendants.

In an additional written motion, defendant requested the court to impanel "sufficient jurors such that both defendants would be allowed their appropriate strikes," later arguing that each was entitled to four.  With the concurrence of the Commonwealth and over defendant's objection, the court impaneled twenty-four venirepersons, allowed each defendant three and the Commonwealth four peremptory strikes, and designated the remaining two jurors as alternates.

<u>INVOLUNTARY JOINDER</u>

Code § 19.2-262.1 provides that:
> On motion of the Commonwealth, for good cause shown, the court, <u>in its discretion</u>, may order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses to be tried jointly unless such joint trial would constitute prejudice to a defendant.  If the court finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other relief [as] justice requires.

---

[1]We assume, without deciding, that the post-trial argument was timely.

- 3 -

Id. (emphasis added); see Rules 3A:6(c), 3A:10. "In determining whether a joint trial would prejudice a defendant, the trial court should require '[t]he party moving for severance [to] establish that actual prejudice would result from a joint trial.'" Goodson v. Commonwealth, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996) (analogizing standard of Code § 19.2-262.1 to prejudice standard of Fed. R. Crim. P. 14) (quoting United States v. Reavis, 48 F.3d 763, 767 (4th Cir.) (emphasis added), cert. denied, 115 S. Ct. 2597 (1995)). Actual prejudice results only when "there is a serious risk that a joint trial would compromise a specific trial right of [defendant], or prevent the jury from making a reliable judgment about guilt or innocence." Barnes v. Commonwealth, 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

We recognize that prejudice may result when evidence inadmissible against a defendant, if tried alone, is admitted against a codefendant in a joint trial. See id. However, a "defendant has no right to exclude relevant and competent evidence, such as the testimony of a former co-defendant," id. at 412-13, 470 S.E.2d at 582, despite "the impression that [they] may be hostile to each other's position." Goodson, 22 Va. App. at 71, 467 S.E.2d at 853. "'The risk of prejudice will vary with the facts in each case,'" and the decision to permit a joint trial is entrusted to the sound discretion of the trial court. Barnes, 22 Va. App. at 412, 470 S.E.2d at 582 (quoting Zafiro,

506 U.S. at 541); see Code § 19.2-262.1. The court must balance the specter of prejudice with "the effectiveness of . . . measures to cure any such risk, such as limiting instructions." Barnes, 22 Va. App. at 412, 470 S.E.2d at 582.

Defendant does not dispute that he and Herron were indicted for offenses sufficiently related to constitute "good cause" for joinder. However, he complains of prejudice arising from evidence admissible against Herron, but inadmissible against him, and prejudice which inhered in the hostile and conflicting evidence of each defendant, compelling each to testify to contradict the other. However, defendant "point[s] to no trial right," distinguishable from trial tactics, "which was compromised or any basis for concluding the jury was prevented from making a reliable judgment about his guilt or innocence." Id. at 413, 470 S.E.2d at 582. Thus, his contentions fail to establish the requisite actual prejudice. See Goodson, 22 Va. App. at 71-72, 467 S.E.2d at 853. Under such circumstances, the trial court correctly concluded that joinder would promote the interests of both the elderly victim and judicial economy, without demonstrable prejudice to defendants.

ENTITLEMENT TO PEREMPTORY STRIKES

Both the Virginia and United States Constitutions provide that a criminal defendant is entitled to trial by an impartial jury. U. S. Const. amends. VI, XIV; Va. Const. art. I, § 8; see Barker v. Commonwealth, 230 Va. 370, 374, 337 S.E.2d 729, 732

- 5 -

(1985).  However, this right does not give an accused constitutional entitlement to peremptory challenges but requires only that jurors be removed upon a showing of cause.  See 11B Michie's Jurisprudence Jury § 32, at 130 (1986).

Code § 19.2-262 establishes the procedure for selection of a criminal petit jury in Virginia, providing, in pertinent part, that:

> (2)  Twelve persons from a panel of twenty shall constitute a jury in a felony case. . . .
> (3)  The parties or their counsel, beginning with the attorney for the Commonwealth, shall alternately strike off one name from the panel until the number remaining shall be reduced to the number required for a jury.
> (4)  In any case in which persons indicted for felony elect to be tried jointly, if counsel or the accused are unable to agree on the full number to be stricken, or, if for any other reason counsel or the accused fail or refuse to strike off the full number of jurors allowed such party, the clerk shall place in a box ballots bearing the names of the jurors whose names have not been stricken and shall cause to be drawn from the box such number of ballots as may be necessary to complete the number of strikes allowed the party or parties failing or refusing to strike.  Thereafter, if the opposing side is entitled to further strikes, they shall be made in the usual manner.

In prosecutions of a single defendant, the statutory procedure specified in subsections (2) and (3) mathematically results in the Commonwealth and the defendant each enjoying four peremptory strikes.  See, e.g., Irving v. Commonwealth, 19 Va. App. 581, 583, 453 S.E.2d 577, 579 (1995).

"If the language of a statute is plain and unambiguous, and its meaning perfectly clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy." Long v. Commonwealth, 7 Va. App. 503, 506, 375 S.E.2d 368, 369 (1988) (en banc) (per curiam) (quoting Temple v. City of Petersburg, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944)). Code § 19.2-262 clearly instructs that a jury in a felony prosecution be composed of twelve persons, derived from a panel of twenty without exception for multiple defendants joined for trial pursuant to Code § 19.2-262.1. Nothing in the statute or the United States or Virginia Constitutions assures multiple defendants a specified number of strikes. Cf. Buchanan v. Commonwealth, 238 Va. 389, 405, 384 S.E.2d 757, 767 (1989), cert. denied, 493 U.S. 1063 (1990).

Defendant's reliance upon Code § 19.2-262(4) to support his argument that persons involuntarily joined for trial are entitled to an alternate selection procedure is misplaced. Code § 19.2-262(4) expressly applies only to felony prosecutions of persons "elect[ing] to be tried jointly." (Emphasis added). Contrary to defendant's assertion, this omission raises the inference that the legislature did not intend to modify the number of strikes allocable to defendants involuntarily joined for trial. See Tharpe v. Commonwealth, 18 Va. App. 37, 43, 441 S.E.2d 228, 232 (1994). We, therefore, conclude that defendants jointly tried are together entitled only to the four peremptory

challenges provided by statute.

The trial court resolved defendant's motion by providing defendant and Herron with three peremptory strikes each, a total of two more than required by Code § 19.2-262. "The manner in which jury selection is conducted is within the discretion and control of the trial court, guided by statute and rule of court." Buchanan, 238 Va. at 400, 405 S.E.2d at 764. We find no abuse of discretion in the procedure adopted in this instance.

Accordingly, we affirm the convictions.

Affirmed.