## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Marie Carmen Diaz

Case No. K94619

Commonwealth of Virginia

v.

Luis E. Martinez

Case No. K94620

Commonwealth of Virginia

v.

William Para

Case No. K94621

November 12, 1998

BY JUDGE STANLEY P. KLEIN

These matters are before the Court on the Commonwealth's Motion for Joinder of these cases for trial pursuant to Va. Code § 19.2-262.1. The Court has considered the arguments of counsel presented on October 30, 1998, and the Commonwealth's memorandum filed November 5, 1998. For the reasons set forth in this opinion letter, the Motion for Joinder is granted.

## I. *Background*

Each of the defendants has been indicted, in a two-count indictment, with willfully concealing or taking possession of merchandise belonging to Liz Claiborne, Inc., in violation of Virginia Code § 18.2-103 and possession of burglary tools in violation of Virginia Code § 18.2-94. The defendants were arrested on August 15, 1998, in the area of the Tysons Corner Mall. At the time of their arrests, the defendants were occupying an automobile in which property allegedly belonging to Liz Claiborne, Inc., was found, along with other property allegedly taken from other stores at the Tysons Corner Mall.

## II. *Analysis*

Consistent with the longstanding practice of the federal courts, pursuant to the Federal Rules of Criminal Procedure, in 1993, the Virginia General Assembly enacted Virginia Code § 19.2-262.1 authorizing joint trials in criminal cases without the defendants' consent. That statute presently provides:

On motion of the Commonwealth, for good cause shown, the court shall order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses to be tried jointly unless such joint trial would constitute prejudice to a defendant. If the court finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other relief justice requires.[1]

As the defendants have been indicted for allegedly committing the same offenses at the same time, it cannot be questioned that they are "charged with participating in contemporaneous and related acts or occurrences ... ." Moreover, as the interests of judicial economy and the convenience of the common witnesses would be served by joinder, the "good cause" component of the statute has clearly been satisfied. *See Adkins v. Commonwealth*, 24 Va. App. 159, 164 (1997).

Once good cause has been established for joinder, the burden shifts to the defendants to "establish that actual prejudice would result from a joint trial."

---

[1] The 1997 amendment to the statute substituted "shall order" for "in its discretion, may order" in the statute's initial sentence.

*Adkins,* at 163; *see also Goodson v. Commonwealth,* 22 Va. App. 61, 71 (1996) (citations omitted). Actual prejudice exists only when "there is a serious risk that a joint trial would compromise a specific trial right of [a defendant], or prevent the jury from making a reliable judgment about guilt or innocence." *Adkins,* at 163; *see also Barnes v. Commonwealth,* 22 Va. App. 406, 412 (1996) *(quoting Zafiro v. United States,* 506 U.S. 534, 539 (1993)). When considering a motion for joinder, a trial court must weigh any potential prejudice against the availability of measures to cure such potential prejudice, including limiting instructions. *See Barnes,* 22 Va. App. at 412.

Here, each of the defendants argues that the Commonwealth, at trial, will attempt to introduce evidence of shoplifting by codefendants at stores other than Liz Claiborne. Although prejudice may result when evidence of activities of a codefendant, otherwise inadmissible against a particular defendant, is introduced at trial, the possibility that the Commonwealth may seek to introduce such evidence is insufficient to establish actual prejudice under the circumstances of this case for several reasons. First, the items were recovered from an automobile occupied by each of the defendants in close proximity to the items allegedly taken from Liz Claiborne. Therefore, the evidence of thefts from the other stores at the same mall during the same time frame as the alleged theft from Liz Claiborne could well be admissible against each of the defendants to establish their knowledge of or intent to steal the goods from Liz Claiborne. *See, Kirkpatrick v. Commonwealth,* 211 Va. 269 (1970) (holding admissible evidence of other crimes establishing chain of events leading up to charged offense). In addition, such evidence may also be admissible to establish that the defendants were acting in concert with each other on the date in question. *See Carter v. Commonwealth,* 232 Va. 122 (1986); *Ascher v. Commonwealth,* 12 Va. App. 1105 (1991); *Rollston v. Commonwealth,* 11 Va. App. 535 (1991).

Even if the trial judge were to determine that some actions of the codefendants were inadmissible against other defendants, the trial judge could cure any such potential prejudice by delivering appropriate cautionary limiting instructions to the jury. *See Adkins,* at 163; *Barnes,* at 412. Moreover, the trial judge could allow the jurors to take notes during the course of the trial to enhance the jurors' ability to recollect the specific actions of each of the codefendants.

The admissions of one defendant which implicate another defendant in criminal wrongdoing are generally admissible in Virginia. *See, Chandler v. Commonwealth,* 249 Va. 270, *cert. denied,* 116 S. Ct. 233 (1995) (holding declaration against penal interest as admissible hearsay notwithstanding fact that statement implicated other defendants); *Randolph v. Commonwealth,* 24

Va. App. 345 (1997). Nonetheless, the Court has reviewed the alleged statements of defendants, Diaz, Martinez, and Para as set forth in the memorandum filed by the Assistant Commonwealth's Attorney on November 5, 1998. None of the alleged statements of any of the defendants directly implicates any of the other defendants in any criminal wrongdoing. Therefore, no potential prejudice would enure from the admission of any of these alleged statements at trial. *See Richardson v. Marsh*, 481 U.S. 200 (1987); *Bruton v. United States*, 391 U.S. 123 (1968).

Virginia Code § 19.2-262.1 mandates that these identical charges arising from the same alleged events be tried together unless such a joint trial would prejudice a defendant. The defendants have failed to meet their burden to establish that actual prejudice would result from a joint trial. *See, Randolph v. Commonwealth*, 24 Va. App. at 364; *Adkins v. Commonwealth*, 24 Va. App. at 163; *Barnes v. Commonwealth*, 22 Va. App. at 412; *Goodson v. Commonwealth*, 22 Va. App. at 71. Accordingly, the Commonwealth's Motion for Joinder is granted.

These matters are therefore consolidated for trial on November 17, 1998. Mr. Tracy is granted leave to add a Motion to Suppress on behalf of Ms. Diaz to the Court's motions day docket of November 13, 1998, to be heard in conjunction with Mr. Para's motion to suppress. Mr. Para and Ms. Diaz are accordingly ordered to appear in this Court on November 13, 1998, at 10:00 a.m.