# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Robert Kehne Moeller

Case No. (Criminal) FE 2006-1127

Commonwealth of Virginia

v.

Raul Torrento, III

Case No. (Criminal) FE 2006-1275

January 23, 2007

BY JUDGE RANDY I. BELLOWS

The present motion before the Court is the Commonwealth's Motion for Joinder to join Defendants Robert Moeller and Raul Torrento, III. The Court heard oral argument on this matter on January 19, 2007. Both defendants raise the same issues in opposition to the Motion for Joinder. After careful consideration, the Court is prepared to rule on this matter.

*Factual Background*

On August 21, 2006, defendant Moeller was indicted for one count of felony grand larceny and one count of unlawful battery by mob. On September 18, 2006, defendant Torrento was indicted for the same charges arising out of

the same incident. The defendants' charges relate to an incident which occurred on May 14, 2006, where the defendants allegedly used violence to commit a robbery. The Commonwealth filed the Motions for Joinder in both defendants' matters on October 13, 2006. Defendant Moeller filed an Opposition to the Commonwealth's Motion on October 19, 2006. Defendant Torrento's counsel appeared at the January 19, 2007, hearing and presented arguments opposing the Motion for Joinder. Defendant Torrento's position raises similar issues as those presented by defendant Moeller in his Opposition to the Motion for Joinder. The Court presided over oral argument on the Motions for Joinder on January 19, 2007.

*Legal Discussion*

Va. Code Ann. § 19.2-262.1 (2006) ("§ 19.2-159") establishes the requirements for the joinder of defendants in criminal cases in Virginia. Under the statute, "for good cause shown, … the court shall order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses, to be tried jointly unless such joint trial would constitute prejudice to the defendant[s]." Accordingly, the precise issue before the Court is framed by two primary inquiries. First, whether the Commonwealth has demonstrated good cause for the joinder of the defendants' cases. Second, whether the joinder of the defendants would cause either one of them to suffer prejudice.

In *Dearing v. Commonwealth*, 259 Va. 117, 524 S.E.2d 121 (2000), the Virginia Supreme Court states that good cause is demonstrated when numerous witnesses would have to testify in two separate trials should a motion for joinder be denied. See, e.g., *Byrd v. Commonwealth*, 2003 Va. App. LEXIS 708 (Va. App. 2003). In other words, both the Virginia Supreme Court and the Virginia Court of Appeals recognize judicial economy and efficiency as good cause to warrant the joinder of defendants.

Concerning the second inquiry, the prejudice that the defendants must suffer in order to warrant the conclusion that joinder would be inappropriate must be actual prejudice and create "a serious risk that a joint trial would compromise a specific trial right of the defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Adkins v. Commonwealth*, 24 Va. App. 159, 163, 480 S.E.2d 777 (1997). Furthermore, as the Virginia Court of Appeals notes, "prejudice does not exist merely because a codefendant has a better chance of acquittal if tried separately." *Barnes v. Commonwealth*, 22 Va. App. 406, 412-13, 470 S.E.2d 579 (1996). Finally, and specifically relevant to the matter at hand, "actual prejudice does

not exist merely because co-defendants may have positions that are hostile to one another." *Adkins*, 24 Va. App. at 163. Possible antagonistic defenses, alone, are insufficient to establish prejudice to warrant the severance of co-defendants. *Id.*

## Analysis

The Commonwealth argues that judicial economy warrants the joinder of these defendants. Under *Byrd*, judicial economy is a legitimate ground to justify joinder in Virginia. Therefore, this Court finds that good cause exists for the joinder of the present defendants.

Moving to the second part of the instant analysis, the defendants maintain that the joinder of their cases would cause them to suffer prejudice. For example, defendant Moeller argues that "the specific acts of the two defendants, and their identification by the complaining witness, are different so that they have different degrees of culpability and may have contradictory or different exculpatory evidence." Def. Moeller's Opp. 2. Consequently, according to defendant Moeller, because he may present contradictory evidence from his co-defendant, he will likely suffer prejudice as a result of the joinder of defendants.

The Court does not agree. As stated in *Adkins* and similar cases, the mere fact that the defendants intend to present hostile defenses does not warrant a finding that the defendants will be prejudiced by the joinder of their cases. Although the defendants may intend to implicate each other, this does not require the severance of their cases under § 19.2-262.1.

Consequently, the Commonwealth's Motion for Joinder is granted.