## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

    v.

Willie Simmons

      Case Nos. CR09-2827, CR09-2828, CR09-2829, CR09-2830, CR09-2831, CR09-2832, CR09-2858, CR09-2859

Commonwealth of Virginia

    v.

Dedrion Short

      Case Nos. CR09-2821, CR09-2822, CR09-2823, CR09-2824, CR09-2825, CR09-2826, CR09-2860, CR09-2861

October 1, 2009

BY JUDGE JOHN W. BROWN

### I. *Motion for Joinder*

On the Commonwealth's motion for joinder pursuant to Virginia Code § 19.2-262.1, the Court finds that the Commonwealth has shown good cause for joinder of the two defendants and the charges. It has been stated that, from

the Commonwealth's side, there will be forty witnesses and 100 pieces of physical evidence, including forensic evidence. Such a volume of evidence combined with the goal of judicial efficiency supports the request for a joint trial so long as the defendants are not prejudiced. Counsel for each defendant expressed concerns about the police interrogation statements of the defendants that might be presented by the Commonwealth and which may move jurors to find both defendants guilty based on evidence that may be attributable to only one of the defendants.

Deputy Commonwealth's Attorney Hansen has stated that he will not use the statements of either defendant procured as a result of police interrogations in the Commonwealth's case in chief in order to eliminate that concern. Also, Mr. Short's counsel argued that his client is "clearly less culpable" and was concerned that his client may be convicted through "guilt by association." Mr. Simmons counsel echoed those concerns and cited cases for the Court to review. This summary is not meant to set out the only basis for their opposition to joinder, nor the only version set forth by the Commonwealth as to why its motion should be granted. The record of the argument speaks for itself.

Of course, defense counsel must show that there is a serious risk that a joint trial would compromise a specific trial right of either one of the defendants or prevent a jury from making a reliable judgment about guilt or innocence. See *Zafiro v. United States*, 506 U.S. 534 (1993); *Adkins v. Commonwealth*, 24 Va. App. 159 (1997); *Dickerson v. Commonwealth*, 29 Va. App. 252 (1999); *Commonwealth v. Moeller*, 72 Va. Cir. 402 (2007).

The Commonwealth cites *Blackman v. Commonwealth*, 45 Va. App. 633 (2005), as support for its position that the proposed arrangement, that the defendants' statements to police will not be used in its case in chief, solves the problem exposed in *Bruton v. United States*, 391 U.S. 123 (1968). Although *Blackman* addressed a situation where both co-defendants testified, other issues may remain if, in the present case, only one co-defendant testifies and the Commonwealth wants the *entire* statement of the testifying co-defendant to come in, but some or all of such statement implicates the non testifying co-defendant.

In that situation, redaction of the testifying co-defendant's statements may be required. The balance required is to allow relevant statements made by the witness/defendant to come in as impeachment or otherwise, but to keep out parts of that statement that implicate the non-testifying co-defendant.

Therefore, the Court grants joinder to the Commonwealth under the stipulation that no statement of the defendants made to law enforcement officers as a part of interrogation will be used in its case in chief. Further, with

the Commonwealth recognizing that, if one of the co-defendants chooses to testify, but not the other, the interrogation statements of that witness/defendant will have to be addressed and perhaps limited for use in cross-examination.

## II. *Request for DNA Expert*

Defense Counsel for Mr. Simmons requests that an expert be provided to him to help him prepare for the testimony of the anticipated Commonwealth's forensic scientist who will testify as to DNA results linking Mr. Simmons to at least one object found in the van involved in the alleged crimes.

The Court realizes the holding in *Husske v. Commonwealth*, 252 Va. 203 (1996), where the Virginia Supreme Court held that it was not error for the trial court to refuse to appoint a DNA expert to assist counsel with preparation of Husske's defense.

The Court is also aware that Virginia Code § 19.2-270.5 provides for the admissibility of DNA test results without proof of the general scientific reliability of DNA testing. The purpose of this statute is to eliminate the requirement of the offering party in every trial that DNA evidence is scientifically reliable. The statute does not, however, establish that the result of particular DNA testing in this case is reliable or has produced results that reliably identify the accused as the one connected to the objects tested. The defendant may still challenge the reliability of a particular DNA test and/or the test's conclusions that identify or include the defendant as a contributor to the object analyzed. This is a complex area and one that is continually evolving. The Court finds that this area is outside the education and experience of most trial attorneys and is an important aspect of this case.

Therefore, the Court directs defense counsel to forthwith make inquiry as to who may be available to assist him and state the amount of money requested of the Court.

The Court is approving this to assist counsel to understand the language, processes, accuracy, and reliability of the proposed DNA testing in this case. This approval does *not* apply to separate testing of any objects that may be relevant. A separate hearing would have to be scheduled for that request to be made.

Counsel for the defendants are directed to Virginia Code § 9.1-1104 for additional assistance, if they be so advised.

III. *Regarding Insignias, Buttons, and T-Shirts Worn by Witnesses and Uniforms Worn by Off-Duty Non-Testifying Law Enforcement Personnel*

The Court orders that no spectator or witness shall wear any clothing bearing a photographic resemblance of the victims in this case, nor shall any garment be worn which states a message that relates to the victims, this event, or the trial. The Court will rule in individual cases as they appear. The purpose is to have an impartial jury consider the evidence and not be distracted by those who wish to draw attention to the victims or any cause.

Likewise, the Court rules that only law enforcement officers on duty or called as witnesses will be allowed in the courtroom in uniform. Off-duty law enforcement officers are welcome to attend, but must be attired in civilian clothes. The Court will rule on individual cases if it becomes necessary. The reason for this is to have as neutral an atmosphere as possible within the courtroom so as to allow the jury to focus on its duties. See *Bell v. Commonwealth*, 264 Va. 172, at 199 (2002).