# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

 v.

Leslie Ray Rice

    Case No. CR10000697

Commonwealth of Virginia

 v.

Michael Ray O'Dell

    Case No. CR10000698

Commonwealth of Virginia

 v.

Ashley Collins

    Case No. CR10000694

    September 23, 2010

By Judge J. Overton Harris

This matter is before the Court on the Commonwealth's Motion for a Ruling that the Statements of Each Individual Defendant are Admissible Against All Defendants filed on September 1, 2010, and on the Commonwealth's Motion for Joinder of Trials filed on the same day. On September 20, 2010, the Court heard oral arguments of counsel and a proffer by the Commonwealth of the evidence the Commonwealth seeks to introduce at trial. Each defendant raises objections to the Commonwealth's Motions. The Court took the matter under advisement, and, after careful consideration, the Court rules as follows.

## I. Factual Background

On August 17, 2010, defendants Rice, O'Dell, and Collins were each indicted for two counts of abduction under Virginia Code § 18.2-47, two counts of malicious wounding under Virginia Code § 18.2-51, and two counts of conspiracy under § 18.2-22. The defendants' charges relate to an incident which allegedly occurred on April 23-24, 2010.

Immediately following the incident, defendant Rice called 911 to report that Commonwealth's complaining witness had broken into his home. Thereafter, deputies arrived at the Rice's residence to investigate the reported breaking and entering. Each defendant was questioned by Deputy Hall during the course of his investigation into the report. During the course of the investigation, each defendant made statements of their version of what occurred with regard to the reported breaking and entering.

In addition to the other charges for which the defendants were indicted on August 17, 2010, Rice was also indicted for giving a false report as to the commission of a crime to a law enforcement officer under Virginia Code § 18.2-461.

## II. Admissibility of Statements Allegedly Made by the Defendants

The Commonwealth seeks to introduce into evidence against all defendants statements allegedly made by each defendant to Deputy Hall regarding the alleged breaking and entering. The defendants object to the alleged statements being introduced into evidence on the basis that they are hearsay. The Commonwealth proffers that they seek to introduce the alleged statements not to prove the truth of the matters asserted but rather to establish that the statements were made in furtherance of the alleged conspiracy. Therefore, the Court finds that the alleged statements would not be hearsay and would be admissible if otherwise relevant and material.

### III. *Joinder of Trials*

The Commonwealth's Motion for joinder of the trials of the defendants is pursuant to Virginia Code § 19.2-262.1, which states:

> On motion of the Commonwealth, for good cause shown, the court shall order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses, to be tried jointly unless such joint trial would constitute prejudice to a defendant. If the court finds that a joint trial would constitute prejudice to a defendant, the court shall order severance as to that defendant or provide such other relief justice requires.

*See also* Va. Sup. Ct. R. 3A:10(a)-(b). The defendants object to joinder, and each defendant requests a separate trial.

The decision whether to order joinder of trials lies within the sound discretion of the trial court. *Dickerson v. Commonwealth*, 29 Va. App. 252, 254, 511 S.E.2d 434, 435-36 (citing *Barnes v. Commonwealth*, 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996)). In determining whether to order joinder of trials, Virginia Code § 19.2-262.1 and Rule 3A:10 of the Rules of the Supreme Court of Virginia require that the Court make two primary inquiries: (1) whether the Commonwealth has demonstrated good cause for the joinder of defendants' cases and (2) whether the joinder would cause either of defendants to suffer prejudice.

### A. *Good Cause*

The Virginia Supreme Court recognizes efficiency and judicial economy as good cause to warrant the joinder of defendants. *See, e.g., Dearing v. Commonwealth*, 259 Va. 117, 122, 524 S.E.2d 121, 124 (2000) (holding "the Commonwealth demonstrated good cause for the joinder of the defendants' trials because the trials required the presence of numerous witnesses who would have had to appear at two separate trials had the motion been denied").

In the present case, all three defendants have been charged with the same offenses, which allegedly arise out of the same events. Therefore, it is clear that they are "charged with participating in contemporaneous and related acts or occurrences." Moreover, the circumstances in this case are such that joinder of the defendants' trials would promote efficiency and judicial economy. If the Commonwealth's Motion for joinder were denied, numerous witnesses would have to appear at three separate trials. Accordingly, the Court finds that the Commonwealth has demonstrated good cause for the joinder of the defendants' trials.

B. *Prejudice*

"In determining whether a joint trial would prejudice a defendant, the trial court should require 'the party moving for severance [to] establish that *actual prejudice* would result from a joint trial'." *Goodson v. Commonwealth*, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996) (citing *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (emphasis added), *cert. denied*, 515 U.S. 1151 (1995)).

In *Goodson*, the Court of Appeals of Virginia analogized Federal Rule of Criminal Procedure 8(b) and Federal Rule of Criminal Procedure 14 to Virginia Code § 19.2-262.1. 22 Va. App. at 71, 467 S.E.2d at 853. Federal Rule of Criminal Procedure 14 provides: "If joinder of . . . defendants . . . for trial . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice may require." "The Federal Rules start with the premise that co-defendants will be tried jointly unless prejudice is shown, while the Virginia rule starts from the premise that co-defendants will be tried separately but that trials may be joined unless prejudice is shown." *Barnes v. Commonwealth*, 22 Va. App. 406, 411, 470 S.E.2d 579, 581-82 (1996). Regardless of this distinction, prejudice is the element governing whether co-defendants will be tried jointly under both federal law and Virginia law. *Id.* Therefore, "cases interpreting prejudice under Rule 14 are instructive in determining what constitutes 'prejudice' under [Va.] Code § 19.2-262.1." *Goodson*, 22 Va. App. at 71, n. 2, 467 S.E.2d at 853, n. 2.

Generally, actual prejudice results only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Barnes*, 22 Va. App. at 412, 470 S.E.2d at 582 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). The trial court has discretion in determining the risk of prejudice, and the risk of prejudice will vary based on the facts in each case. *Id.* (citing *Zafiro*, 506 U.S. at 539, 541; *United States v. Brugman*, 655 F.2d 540, 543 (4th Cir. 1981)). In determining whether it is appropriate to order a joint trial of multiple defendants, "the degree of prejudice may be balanced against the effectiveness of using other measures to cure any such risk, such as limiting instructions." *Barnes*, 22 Va. App. at 412, 470 S.E.2d at 582 (citing *Zafiro*, 506 U.S. at 539).

In the present case, each individual defendant asserts that a joint trial would be prejudicial. First, the defendants argue that a joint trial would be prejudicial because it would prevent them from compelling the co-defendants to testify. The defendants' argument is without merit. The Fifth Amendment to the federal Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend. V. Regardless of whether the defendants are tried jointly

or separately, they do not have a right to compel their co-defendants to testify because each individual defendant has the right to invoke his or her privilege against self-incrimination guaranteed by the Fifth Amendment. *See Dearing*, 259 Va. at 122, 524 S.E.2d at 124 (citing *United States v. Apfelbaum*, 445 U.S. 115 (1980)).

Next, the defendants argue that a joint trial would violate their right "to be confronted with the witnesses against him [or her] . . ." guaranteed by the Sixth and Fourteenth Amendments. U.S. Const., amend. VI. Specifically, the defendants argue that they will be prejudiced by the admission in evidence against the defendant or a co-defendant of a statement or confession made by a co-defendant. In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause prohibits the admission of an out-of-court testimonial statement offered to establish the truth of the matter asserted unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. 541 U.S. 36, 59, n. 9, 68 (2004). The Supreme Court reiterated that the Confrontation Clause "does not bar the use of [out-of-court] statements for purposes other than establishing the truth of the matter asserted." *Id.* at 59, n. 9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)). In *Hodges v. Commonwealth*, the Supreme Court of Virginia stated that "[r]elying on *Crawford* and *Street*, courts have since permitted the admission of testimonial statements for 'other purposes' despite clear Confrontation Clause violations if those statements had been admitted 'for the purpose of establishing the truth of the matter asserted'." 272 Va. 418, 429, 643 S.E.2d 680, 686 (2006).

As previously discussed, in this case, the Commonwealth proffers that it seeks to introduce the alleged statements to establish that the statements were made in furtherance of the alleged conspiracy, not to prove the truth of the matter asserted. Accordingly, the Court finds that the Defendants' Sixth Amendment right to be confronted by the witnesses against them would not be violated by a joint trial.

Finally, the defendants argue that a joint trial would result in prejudice because evidence inadmissible against one defendant, if tried alone, will be admitted against a co-defendant at a joint trial. Specifically, defendants Rice and Collins argue that, if the trials are joined, statements allegedly made by defendant O'Dell to other inmates regarding the incident will be admissible against O'Dell and will result in prejudice to Rice and Collins. If the trials were severed, O'Dell's statements would be inadmissible at the separate trials of Rice and Collins.

The Virginia Court of Appeals has recognized "that prejudice may result when evidence inadmissible against a defendant, if tried alone, is admitted against a codefendant in a joint trial." *Adkins v. Commonwealth*, 24 Va. App. 159, 163, 480 S.E.2d 777, 779 (1997). However, the risk of prejudice varies based on the facts in each case, and the decision to permit joinder of trials is "entrusted to the sound discretion of the trial

court." *Id.* In determining whether it is appropriate to order a joint trial of multiple defendants, "the degree of prejudice may be balanced against the effectiveness of using other measures to cure any such risk, such as limiting instructions." *Barnes*, 22 Va. App. at 412, 470 S.E.2d at 582 (citing *Zafiro*, 506 U.S. at 539). In the present case, the Court finds that any prejudice that could arise from the admission of O'Dell's jailhouse statements could be cured with an appropriate limiting instruction to the jury instructing them not to consider the statements as evidence against Rice and Collins. Accordingly, the Court is of the opinion that actual prejudice would not result from a joint trial of the defendants.

## IV. *Conclusion*

For the foregoing reasons, the Commonwealth's Motion for a Ruling that the Statements of Each Individual Defendant are Admissible Against All Defendants and the Commonwealth's Motion for Joinder of Trials are granted.