COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Senior Judge Coleman
Argued at Richmond, Virginia

CAROL NORMAN DREW, III

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2846-09-2                      JUDGE WILLIAM G. PETTY
                                                       FEBRUARY 8, 2011

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Bradley B. Cavedo, Judge

              Catherine French, Supervising Assistant Public Defender, for
              appellant.

              Benjamin H. Katz, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        Appellant, Carol Norman Drew, III, challenges his convictions for several felonies

stemming from an incident he was involved in with a co-defendant, Karsten Allen.  Drew argues

the trial court erred when it granted the Commonwealth's motion to join Drew's case with

Allen's, claiming that joinder actually prejudiced him for various reasons.  Drew also argues the

trial court erred when it declined to grant a mistrial after Allen elicited testimony from a witness

that may have suggested Drew was a drug dealer.[1]  We disagree and affirm.

                                            I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] So that we may more efficiently address Drew's assignments of error, we have
re-arranged their order as originally presented in his brief.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

## II.

### A. Motion for Joint Trial

The Commonwealth moved to try Allen and Drew jointly under Code § 19.2-262.1 due to their shared participation in the acts leading to their criminal charges, which the trial court granted. Drew argues the trial court should have severed the trials because a joint trial would have caused him actual prejudice. Drew suggests that he was entitled to a separate trial because he (1) would not have faced certain evidence that was admissible at his joint trial, (2) would not have had to deal with a second opposing theory, and (3) would have avoided the supposedly inherent prejudice created by Allen acting *pro se*.[2] We disagree.

We review a trial court's ruling on the motion for abuse of discretion. Dickerson v. Commonwealth, 29 Va. App. 252, 254, 511 S.E.2d 434, 435 (1999). Compare Code § 19.2-262.1 (setting forth the procedure for joining defendants), with Rule 3A:10 (setting forth the same procedure described in Code § 19.2-262.1, but adding that the trial court may grant the motion "in its discretion"). The Commonwealth can move for the joint trial of "persons charged with participating in contemporaneous and related acts or occurrences" that constitute one or more criminal offenses, so long as the Commonwealth can show good cause for joining the defendants. Code § 19.2-262.1; Rule 3A:10. Once the Commonwealth shows good cause, the burden shifts to a defendant to show that joinder "would constitute prejudice to [that] defendant."

---

[2] Drew also argued to the trial court that he could have called Allen to testify in his defense had he received a separate trial, but that argument was not raised in this appeal.

Code § 19.2-262.1; Rule 3A:10.  The defendant must show "'*actual prejudice*'" to defeat the motion.  Adkins v. Commonwealth, 24 Va. App. 159, 162-63, 480 S.E.2d 777, 779 (1997) (emphasis in original) (quoting Goodson v. Commonwealth, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996)).  "Actual prejudice results only when 'there is a serious risk that a joint trial would compromise a specific trial right of [the defendant], or prevent the jury from making a reliable judgment about guilt or innocence.'"  Id. at 163, 480 S.E.2d at 779 (quoting Barnes v. Commonwealth, 22 Va. App. 406, 412, 470 S.E.2d 579, 582 (1996)).

Drew admits the Commonwealth demonstrated good cause for joinder, but he argues the trial court should have severed the cases because a joint trial would prejudice him for various reasons.  However, we have already ruled that a trial court may reject some of the reasons asserted by Drew.  See id. at 163-64, 480 S.E.2d at 779.  In Adkins, Adkins and his co-defendant beat an elderly man in the man's apartment.  Id. at 161.  The co-defendant struck the man with a jar, and also threatened the man with a knife.  Id.  The two then ransacked the man's apartment, stealing money and a firearm.  Id.  Adkins and his co-defendant were both charged with robbery and were jointly tried.  Id.  The co-defendant was also charged with unlawful wounding and larceny of a firearm.  Id.  Adkins did not dispute that the Commonwealth had shown good cause, but instead objected to joinder because he claimed that it actually prejudiced him, arguing that evidence admissible at his joint trial would be inadmissible at a severed trial, and because he faced an "antagonistic" defense from his co-defendant.  Id. at 161-62, 480 S.E.2d at 779.  The trial court rejected these arguments and joined Adkins and his co-defendant in one trial, reasoning that joinder would promote judicial economy and the interests of the victim.  Id. at 162, 480 S.E.2d at 779.  This Court affirmed.  Id. at 164, 480 S.E.2d at 779.

Here, Drew and Allen both were charged with attempted robbery, abduction, and use of a firearm in furtherance of those crimes, just as the co-defendants in Adkins each faced the same

charges relating to the core of their criminal conduct. Just like the co-defendant in <u>Adkins</u>, Allen was charged with additional crimes attributable to him that arose out of the shared criminal incident. Faced with the same circumstances in <u>Adkins</u>, this Court rejected the argument that joinder actually prejudiced Adkins, even though the Commonwealth would necessarily introduce evidence to prove those offenses for which only Adkins's co-defendant was charged. This Court also rejected the argument that a defendant is actually prejudiced because he must face an opposing theory from his co-defendant, "despite 'the impression that [they] may be hostile to each other's position.'" <u>Id.</u> at 163, 480 S.E.2d at 779 (quoting <u>Goodson</u>, 22 Va. App. at 71, 467 S.E.2d at 853).

Further, we must note Drew claims that certain evidence would not have been admitted against him in a separate trial, e.g., the bulletproof vest worn by Allen during the incident and the cell phone records related to a cell phone discovered on Allen after his arrest. Drew is incorrect. Drew would have had "no right to exclude relevant and competent evidence'" at a separate trial. <u>Id.</u> The bulletproof vest was certainly relevant and competent, since it was recovered by police at the scene of the crime and tended to corroborate the victim's testimony. The same holds true for the cell phone records, since the victim testified Allen communicated with Drew on that cell phone. While that evidence may have been prejudicial to Drew in the sense that it corroborated the description of the crime provided by the victim and thus enhanced the prosecution's case and damaged the defense, "that on its own does not establish a basis for exclusion. The defendant 'has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial.'" <u>Gregory v. Commonwealth</u>, 46 Va. App. 683, 696-97, 621 S.E.2d 162, 169 (2005) (quoting <u>Scott v. Commonwealth</u>, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984)).

Drew makes the same argument regarding Allen's prior felony convictions. Although Allen's felony convictions may not have been admitted at a separate trial, we cannot say that their probable admission at the joint trial actually prejudiced Drew. We presume that the jury understands and will follow the instructions given to it by the trial court, including the specific offenses charged against a particular defendant and the separate evidence required to prove each offense. See Walshaw v. Commonwealth, 44 Va. App. 103, 120-21, 603 S.E.2d 633, 641 (2004) ("We presume the jury will understand, and will follow their instructions." (quoting Gaines v. Commonwealth, 39 Va. App. 562, 567, 574 S.E.2d 775, 777 (2003) (en banc))). Drew has not demonstrated the jury was unable to make these simple distinctions. Nor did he object to the actual use of Allen's felony conviction when the conviction was mentioned at trial, or show that the conviction was used in a way that prejudiced him.[3] Thus, we cannot say the trial court abused its discretion when it went forward with joinder despite the potential admission of Allen's felony conviction.

Finally, the trial court did not abuse its discretion when it rejected Drew's argument that Allen's representation of himself would actually prejudice Drew at their upcoming joint trial— i.e., that Allen proceeding *pro se* was inherently prejudicial to Drew.[4] There is nothing

---

[3] It appears from the record that Allen's prior felony conviction was mentioned three times at trial. First, the Commonwealth admitted Allen's conviction for receiving stolen property into evidence, with no objection from Drew. Later, Drew asked Allen on cross-examination whether he was a felon. Finally, the Commonwealth similarly asked Allen on cross-examination whether he was twice convicted of a felony, although it does not appear Allen's second felony conviction was ever described or admitted. Nevertheless, Drew never challenged these uses *per se*, but only the theoretical prospect of the use of a felony conviction generally.

[4] Drew does claim in his brief that Allen's representation of himself prejudiced Drew at trial, referring to his conduct during the trial as "sadly comical," "disorderly," and "bizarre." These descriptions may or may not be accurate, but they fail to recognize our task on appeal. We may only correct trial error. Bazemore v. Commonwealth, 42 Va. App. 203, 218, 590 S.E.2d 602, 609 (2004) (en banc). Before the trial court, Drew argued only that Allen's representation of himself would prejudice Drew at *the upcoming trial*. He never later objected to Drew's

inherently prejudicial about the decision of one co-defendant to act *pro se*. To hold otherwise, we would have to conclude that a criminal defendant acting *pro se* is inherently incompetent, unprofessional, or otherwise likely to engage in conduct that will tend to make the jury believe that his co-defendant is guilty. Like several other courts confronted with this issue, we are unable to come to this conclusion. See United States v. Celestin, 612 F.3d 14, 21 (1st Cir. 2010) (A "codefendant's pro se representation is not, without more, grounds for severance.'" (quoting United States v. DeMasi, 40 F.3d 1306, 1313 (1st Cir. 1994))); United States v. Tracy, 12 F.3d 1186, 1194 (2d Cir. 1994) ("The mere fact that a codefendant is proceeding *pro se* is not in itself a ground for severance."); Person v. Miller, 854 F.2d 656, 665 (4th Cir. 1988) ("[N]either the presence of antagonistic defenses nor a *pro se* co-defendant is prejudicial *per se.*"); United States v. Oglesby, 764 F.2d 1273, 1276 (7th Cir. 1985) ("A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is not prejudicial *per se.*"); United States v. Veteto, 701 F.2d 136, 139 (11th Cir. 1983) ("A trial involving a *pro se* defendant and co-defendants who are assisted by counsel" could prejudice one of the co-defendants as a result of the *pro se* defendant's conduct, but "[s]uch a trial . . . is not prejudicial per se.").

In light of the above, we hold that the trial court reasonably concluded that joinder would aid judicial economy, just as the trial court did in Adkins. Further, the trial court reasonably rejected the grounds submitted by Drew for severance before the joint trial had commenced. Therefore, the trial court did not abuse its discretion when it granted the Commonwealth's motion for a joint trial, and thus no error occurred.

---

specific conduct when it occurred during the trial. Therefore, whether Allen's self-representation actually prejudiced Drew before trial had commenced is the only issue properly before us, not whether Allen's specific conduct during the trial actually prejudiced Drew. See Rule 5A:18.

B. Motion for Mistrial

Drew also argues the trial court erred when it denied his motion for a mistrial after he claims a witness testified that Drew was a drug dealer. Specifically, Allen, acting *pro se*, questioned Daniel Pyle, who had loaned Allen the truck used in the crime. The testimony is encapsulated by the following exchange:

> Q. What's your relationship with me that you would loan me your vehicle?
>
> A. You sold me the hard drugs I did.
>
> Q. Okay. Is this something you normally do, that you—how did the transaction happen?
>
> A. You wanted to use the truck for the crack cocaine.
>
> Q. When? When was that?
>
> A. It was probably through your friend.
>
> Q. Excuse me?
>
> A. Your friend.
>
> Q. What friend is that?

Drew then objected to the question as speculative. The trial court sustained the objection. After the trial court's action, Drew made a motion for a mistrial, arguing the exchange caused "irreparable damage to the jury" because Pyle had "implied to the jury" that Drew sold illegal drugs.[5] Finding insufficient grounds for a mistrial, we conclude the trial court did not err when it denied Drew's motion.

We review a trial court's decision whether to grant a motion for mistrial for abuse of discretion. Blanton v. Commonwealth, 280 Va. 447, 455, 699 S.E.2d 279, 284 (2010). Eliciting

---

[5] Drew never actually requested a curative instruction during his motion, although the court indicated it would give a standard instruction to the jury to disregard evidence rejected by a sustained objection.

objectionable testimony is "not reversible error unless there is a 'manifest probability' that the improper [testimony] has been prejudicial to the adverse party." Terry v. Commonwealth, 5 Va. App. 167, 169, 360 S.E.2d 880, 881 (1987) (quoting Coffey v. Commonwealth, 188 Va. 629, 636, 51 S.E.2d 215, 218 (1949)). A manifest probability of prejudice arises when the testimony is "'so impressive that it probably remained on the minds of the jury and influenced their verdict.'" Id. (quoting Coffey, 188 Va. at 636, 51 S.E.2d at 218).

Here, we cannot say it was manifestly probable that Pyle's testimony prejudiced Drew. Pyle's statement itself—that a "friend" helped Allen sell illegal drugs—does very little, if anything, to implicate Drew in the sale of illegal drugs.[6] As the Commonwealth pointed out to the trial court, a jury would likely infer that Allen had many "friends," and would probably not conclude that the "friend" was Drew. Further, as the trial court reasonably concluded, the remark was so vague as to "not have any meaning." When we group this notion with the generally confused state of the exchange between Allen and Pyle and the fact that the trial court immediately sustained Drew's objection made following the statement, we certainly cannot conclude Pyle's testimony was "'so impressive that it probably remained on the minds of the

---

[6] Drew argues Lewis v. Commonwealth, 269 Va. 209, 608 S.E.2d 907 (2005), controls this case. We disagree. In Lewis, the Supreme Court held that a failure to grant a mistrial was error where the prosecutor had asked a witness several times about Lewis's involvement in cocaine distribution. Id. at 212, 608 S.E.2d at 909. Drew notes the Lewis Court held that cross-examination of a witness may not be used "to imply the existence of evidence the jury is not permitted to consider." Id. at 214, 608 S.E.2d at 910. However, the "implication" in Lewis was based on the prosecutor's continued questioning and explicit references to Lewis made in a deliberate attempt "to establish that Lewis was involved in illegal drug-related activities and, thus, was more likely to have committed the crimes charged in the indictments in order to obtain money to buy drugs." Id. at 215, 608 S.E.2d at 910. Therefore, we find the facts here are quite different from those in Lewis.

- 8 -

jury and influenced their verdict.'" Id. (quoting Coffey, 188 Va. at 636, 51 S.E.2d at 218).[7]

Therefore, the trial court did not abuse its discretion when it denied Drew's motion for a mistrial.

III.

For the foregoing reasons, we conclude that the trial court did not err when it granted the Commonwealth's motion to join Drew and his co-defendant or when it denied Drew's motion for mistrial. Therefore, we affirm.

Affirmed.

---

[7] Drew asks us to apply Montgomery v. Commonwealth, 214 Va. 343, 200 S.E.2d 577 (1973), to this case, arguing that the facts in this case are similar to those in Montgomery. He is incorrect. In Montgomery, the Supreme Court granted a mistrial when a witness *expressly* testified the defendant had told him that he had killed someone in prison, which was not the crime the defendant was on trial for, and another witness *expressly* testified that the defendant was previously incarcerated. Id. at 343-44, 200 S.E.2d at 577-78. In contrast, here we have only vague testimony quite different from the clear accusations in Montgomery.